Bellevue-Stratford Company *v.* Philadelphia, Appellant.

Argued November 14, 1950. Before Drew, C. J., Stearne, Jones, Bell, Ladner and Chidsey, JJ.

*Joseph H. Lieberman,* Solicitor for Board of Revision of Taxes, with him *Frank F. Truscott,* City Solicitor and *Michael D. Hayes,* Assistant City Solicitor, for appellant.

*Wm. E. Lingelbach, Jr.,* with him *James S. Feight, W. James MacIntosh* and *Morgan, Lewis & Bockius,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, January 9, 1951:

In an appeal from an assessment for taxation where the value of the *land* is not in dispute, may the value of the hotel *building* be fixed by expert testimony based upon comparative sales, replacement value, the obsolete design of the building and the income derived from the hotel business? The court below answered in the affirmative. This appeal followed.

The issue was narrowed at the argument to whether the court erred in admitting evidence of the income from the hotel business which was conducted upon the premises.

The litigation is well summarized by the court in banc dismissing exceptions to the adjudication: "The Bellevue-Stratford Hotel property, located at the southwest corner of Broad and Walnut Streets in the City of Philadelphia, was assessed for tax purposes for the year 1949 in the amount of $3,577,500. The taxpayer appealed to the Board of Revision of Taxes, and the Board, on December 28, 1948, dismissed the appeal and refused to reduce the assessment. On February 24, 1949 the taxpayer filed its petition for a review of the assessment in the Court of Common Pleas and on September 30, 1949 the case was heard by Judge OLIVER.

"On November 10, 1949 Judge OLIVER entered his adjudication, in which he sustained the appeal and found that the fair market value of the property for the year 1949 was $3,166,922., allocating $1,766,922. to the land and $1,400,000. to the building. Thereafter defendant filed exceptions to the adjudication which were dismissed in due course.

"Section 13 of the Act of June 27, 1939, P. L. 1199 (53 P. S. 4805.13) provides: 'All property within the county now or hereinafter made taxable by law shall be valued and assessed by the assessors and by the

Board at the *actual value thereof.*' (Italics supplied.) 'Actual value' as used in the foregoing section has been defined as nothing more or less than market value: Hudson Coal Company's Appeal, 327 Pa. 247, 251; Vollmer et al. v. Philadelphia, 350 Pa. 223, 227, 228. The same cases have defined market value as the price which a willing purchaser would pay for the property, taking into consideration all uses to which the property is adapted and might reasonably be applied.

"Defendant objected to the admission of evidence relating to income derived from the business. In Liebman v. Board of Revision of Taxes, 355 Pa. 42, 44 the court said, 'The inability to make a profit as well as the price obtained at a bona fide sale are factors to be considered by the court. They are not, however, controlling.' This indicates that, while evidence of income has little probative value, it is not error to admit such evidence and accord it incidental recognition.

"It is clear from the adjudication that such evidence at no time received at most more than 'incidental recognition' from the hearing judge. His reasons for arriving at the value stated in his adjudication did not include any reference whatever to income or earning power. They were set forth at length as follows: 'The testimony shows that the building is obsolete and that its basic design is poor and uneconomical for the purpose the building serves. The large cubic content of the building arises to a substantial degree from the fact that the ceiling heights on the room floors are excessive, making the rooms unattractive from a modern point of view and unduly costly to heat and maintain. A substantial portion of the cubic content of the building, instead of adding to its value, therefore actually detracts therefrom.

'The assessed value of this property was increased by more than $100,000 from the year 1947 to the year

1949, notwithstanding the increasing obsolescence of the building.

'The assessed value of the building is unduly high in comparison with the assessed values of other large buildings in the immediate vicinity, notably the more modern Ritz Carlton Hotel building on the southeast corner of Broad and Walnut Streets, and the Manufacturers' Club on the northwest corner of those streets. While the assessed values of those buildings in recent years have been decreased, the assessed value of the Bellevue-Stratford property has been increased. There has been a lack of uniformity, and discrimination to the disadvantage of the petitioner.

'Finally, the expert testifying for the petitioner appeared to the court to be a highly qualified, competent and credible witness. The court was convinced that his testimony is both credible and basically sound. On the other hand, the expert who testified for the city was not a convincing witness. His testimony in many respects was muddled and obviously inaccurate.'

"In a tax assessment case the findings of the hearing judge have great force and, when supported, as they are in this case, by the weight of the evidence, should not be disturbed. Herold v. Butler Board of Revision, 161 Pa. Super. Ct. 221."

The error charged to the trial judge in receiving evidence of profit or a lack of it from the conduct of the hotel business on the premises, was harmless in any event. As stated by the court in banc: "[*The trial judge's*] *reasons for arriving at the value stated in his adjudication did not include any reference whatever to income or earning power.*" (Emphasis supplied)

Findings of fact by the chancellor, which have great force in tax assessment cases, are amply supported by the evidence and, in the absence of error, will not be disturbed on appeal: *Westbury Apartments,*

*Inc., Appeal,* 314 Pa. 130, 170 A. 267; *Hickey's Appeal,* 326 Pa. 467, 192 A. 923; *Vollmer et al., v. Philadelphia,* 350 Pa. 223, 38 A. 2d 266.

Decree affirmed at appellant's cost.