Baldwin-Lima-Hamilton Corporation Appeal.

Argued April 29, 1963. Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS,
JJ.

*R. Paul Lessy,* for appellant.

*Philip B. Driver, Jr.,* with him *Ronald C. Unterberger, Francis J. Catania, Peter J. Nolan,* and *Harper, George, Buchanan and Driver,* for appellees.

OPINION BY MR. JUSTICE O'BRIEN, October 10, 1963:
This appeal involves the assessment for tax purpose of property owned by Baldwin-Lima-Hamilton Corporation in the Borough of Eddystone, Delaware County for the year 1962. The Board of Revision of Taxes assessed the property at $1,973,650. The court below reduced the assessment to $1,907,352. The taxpayer appealed. The property is approximately 78 acres of which 73 acres, including buildings, are in the Borough of Eddystone and involved in this appeal. The property is used for manufacturing purposes and is bisected by tracks of the Pennsylvania Railroad Company. The northern tract is bounded on the north by the Chester Pike, on the west by Simpson Avenue, on the south by Pennsylvania Railroad tracks and land of Eagson, Inc., and on the east by Crum Creek. The southern portion is bounded on the north by the Pennsylvania Railroad tracks, on the west by the Belmont Iron Works, on the south by the Industrial Highway, and on the east by Edley, Inc. Access from the southern to the northern portion is by way of a tunnel under the railroad tracks.

At the hearing in the court below the tax assessment record was offered in evidence, making out a prima facie case showing the validity of the assessment. *Lehigh & Wilkes-Barre Coal Company's Assessment,* 225 Pa. 272, 74 Atl. 65 (1909); *Westbury Apartments, Inc., Appeal,* 314 Pa. 130, 170 Atl. 267 (1934); *Chatfield v. Board of Revision of Taxes,* 346 Pa. 159, 29 A. 2d 685 (1943). The property owner then introduced into evidence the testimony of two real estate

experts. The burden was upon the complainant to show by the fair weight of the evidence that the assessment was unfair. *Washington County v. Marquis,* 233 Pa. 552, 82 Atl. 756 (1912); *Hammermill Paper Company v. Erie,* 372 Pa. 85, 92 A. 2d 422 (1952). A real estate expert testified on behalf of the Board. The Eddystone School District and Borough of Eddystone intervened in support of the Board's assessment.

The experts enumerated the various factors considered by each in his valuation of the property. The basic factor relied upon by the witnesses for the appellees was depreciated, reproduction costs. This was defined as the present cost of rebuilding the buildings, less depreciation based on the age of each structure. There were many other factors taken into consideration by the experts but the chief factor used by the appellees' expert in the valuation of the buildings was the depreciated reproduction cost.[*] We have said many times that the reproduction cost has no probative value for any purpose in fixing the fair market value of improved real estate for tax purposes.

In *Buhl Foundation v. Board of Property Assessment, Appeals and Review,* 407 Pa. 567, 570, 571, 180 A. 2d 900 (1962), we said: "The actual or fair market value, while not easily ascertained, is fixed by the opinions of competent witnesses as to what the property is worth on the market at a fair sale: Algon Realty Co. Tax Assessment Appeal, 329 Pa. 321, 198 Atl. 49 (1938). Many factors should be taken into account by the expert witness in arriving at his estimate of value. See, Traylor v. Allentown, 378 Pa. 489, 494, 106 A. 2d 577 (1954). However, as pointed out in that decision, reproduction cost is not one of them. In fact, reproduction cost has no probative value for any purpose in fixing the fair market value of improved real estate

---

[*] One of appellant's expert witnesses also relied in part on depreciated construction costs.

for tax purposes: Metropolitan Edison Co's Appeal, 307 Pa. 401, 161 A. 2d 303 (1932). Accord, McSorley v. Avalon Boro. School Dist., 291 Pa. 252, 139 Atl. 848 (1927); Algon Realty Co. Tax Assessment Appeal, supra.

"Since an improper factor was admittedly used in computing the assessment, the presumed validity thereof was overcome. Further, since the only evidence offered in support of the assessment as made was this estimate based upon improper considerations, the finding of value of the court below, sustaining the assessment, cannot stand. The finding of value by the trial court must be supported by competent evidence. See, Algon Realty Co. Tax Assessment Appeal, supra."

As the decision of the court below was based upon an improper method of valuation, the finding of valuation cannot be sustained.

Order reversed and the record is remanded to the lower court for any further proceedings deemed proper to effectuate a just and equitable result.