Judith M. Donnelly, Maryanne Longbottom, et al., Appellants *v.* Borough of Media, et al., Appellees.

Argued October 8, 1975, before President Judge Bow-
MAN and Judges CRUMLISH, JR., MENCER, ROGERS and
BLATT. Judges KRAMER and WILKINSON, JR., did not par-
ticipate.

*Howard Farber*, for appellants.

*D. Barry Gibbons*, with him *Gibbons, Buckley &
Smith*, for appellees.

OPINION BY JUDGE CRUMLISH, JR., January 27, 1976:
Citizen-taxpayers of Media Borough filed a petition
in the Court of Common Pleas of Delaware County ap-
pealing the adoption of an Earned Income Tax Ordinance.
Their petition was dismissed.[1] Taxpayers (Appellants)
and Media Borough (Borough) are now before us.

---

1. Order dated March 20, 1975, G. THOMAS GATES, J. specially
presiding.

On January 2, 1975, the Borough Council enacted Ordinance No. 637 imposing a tax for general revenue purposes on earned income and net profits earned and received by residents of and persons employed in the Borough. The effective date of the ordinance was February 2, 1975. The ordinance was vetoed by the Borough's Mayor. The Borough Council passed the Ordinance over the Mayor's veto on January 16, 1975.

Appellants' objections to the Ordinance are summarized as follows:

a) The effective date specified in the ordinance (February 2, 1975) violates statutory provisions requiring a thirty-day period between adoption and effective date;

b) The tax imposed by the ordinance is unreasonable and will lead to an excessive cash surplus;

c) The tax imposed by the ordinance is discriminatory in that it lacks uniformity;

d) The tax imposed exceeds the limits imposed upon such taxes by The Local Tax Enabling Act.

Appellants' first contention concerns the validity of the February 2, 1975 effective date of the ordinance. Section 6 of The Local Tax Enabling Act (Act), Act of December 31, 1965, P.L. 1257, *as amended,* 53 P.S. §6906, provides for appeals by taxpayers from tax measures enacted pursuant to the Act. That section states:

"No tax levied for the first time by any political subdivision to which this act applies shall go into effect until thirty days from the *time of the adoption of* the ordinance or resolution levying the tax." (Emphasis added.)

Appellants contend that the "time of the adoption of" the ordinance was January 16, 1975, the date Council overrode the Mayor's veto. If they are correct, the effective date cannot be February 2, 1975. The court below held that the date of "adoption" of the ordinance, within the meaning of that term in Section 6 of the Act, was January 2, 1975. We disagree.

Section 1007 of The Borough Code of 1966, Act of February 1, 1966, P.L. (1965) *1656, as amended,* 53 P.S. §46007 (Borough Code) outlines the procedure whereby Borough Council may override a Mayor's veto. That section states, *inter alia*:

"If, after such reconsideration, two-thirds of all the members elected to said council, . . . shall vote to pass such ordinance or resolution, it shall become of as full force and effect as if it had received the approval of the Mayor; . . ."

Section 1007 of The Borough Code goes on to provide that:

"The *enactment* of an ordinance shall be the date when the Mayor shall approve it *or the date of passage by the council over the veto of the Mayor,* . . ." (Emphasis added.)

This language clearly indicates that the ordinance was "enacted" on January 16, 1975, the date of the Council's override of the Mayor's veto. Therefore, for the purposes of Section 6 of the Act, the ordinance cannot go into effect until thirty days from January 16, 1975. *Chwatek v. Parks,* 450 Pa. 62, 299 A. 2d 631 (1972).

Turning to Appellants' contention that the tax imposed by the ordinance is unreasonable and will produce an excessive cash surplus, we are mindful that our standard of review is prescribed by Section 6 of the Act which provides, *inter alia*:

"It shall be the duty of the court to declare the ordinance and the tax imposed thereby to be valid unless it concludes that the ordinance is unlawful or finds that the tax imposed is excessive or unreasonable; *but the court shall not interfere with the reasonable discretion of the legislative body in selecting the subjects or fixing the rates of the tax.*" (Emphasis added.)

Appellants allege that Borough maintains an escrow account in the budget of the water fund which is used to

hide excess budget money. They further allege that Borough has severely underestimated the tax revenues to be derived from the ordinance. Considering both the standard of review prescribed by Section 6 of the Act and the well-settled principle that municipal officers are presumed to act properly in furtherance of the public good, *Hyan v. Upper Montgomery Joint Authority*, 399 Pa. 446, 457, 160 A. 2d 539, 545 (1960), we hold that the facts alleged in Appellants' complaint and the record in support thereof, are insufficient to justify judicial review of the budgetary calculations and revenue estimates of Borough's officials. There is nothing in the record which suggests arbitrary and capricious action indicative of a wanton disregard of public duty.

Appellants next contend that the ordinance violates the uniformity requirement of the Pennsylvania Constitution which states:

> "All taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws."[2]

In this regard, Appellants claim that the tax discriminates against non-residents since the majority of the persons employed within Borough are non-residents.

The tax is imposed upon the net profits and earned income of all persons employed or residing within the Borough. In order to be uniform within the meaning of the Pennsylvania Constitution, the tax must be applied with uniformity upon similar kinds of businesses or property and with substantial equality of tax burden upon all members of the same class. *Hammermill Paper Co. v. City of Erie*, 372 Pa. 85, 92 A. 2d 422 (1953) ; *Appeal of School District of Allentown*, 370 Pa. 161, 87 A. 2d 480 (1952) ; *School District of Philadelphia v. Damico*, 15 Pa. Commonwealth Ct. 558, 328 A. 2d 190 (1974). The

---

2. Pa. Const. Art. VIII, §1.

tax imposed by the ordinance falls equally on all members within the classes of residents and non-residents. Consequently, we find no merit to the contention that the tax lacks uniformity. Furthermore, Appellants' allegations of intentional discrimination are insufficient to sustain the heavy burden which rests upon persons seeking to overcome the presumption of constitutionality accorded to legislative acts. *Wm. Penn Parking Garage v. City of Pittsburgh*, 11 Pa. Commonwealth Ct. 507, 314 A. 2d 322 (1974).

Finally, Appellants contend that the tax imposed by the ordinance exceeds the limits put upon such taxes by the Act.

Section 8 of the Act, 53 P.S. §6908, provides in part:
"No taxes levied under the provisions of this act shall be levied by any political subdivision on the following subjects exceeding the rates specified in this section: . . .

"(3) On wages, salaries, commissions and other earned income of individuals, one per cent."

The tax which is before us in the instant appeal is imposed at the rate of one-half of one percent (.5%). This rate, on its face, does not exceed the statutory limit.

However, Appellants contend that the tax revenues to be received will exceed the limits imposed by the Act upon the aggregate amount of all taxes imposed pursuant to the Act. Section 17 of the Act, 53 P.S. §6917, provides that the aggregate amount of all taxes imposed under the Act shall not exceed an amount equal to the product obtained by multiplying the latest total market valuation of real estate in the municipality by twelve (12) mills. That section further provides for a procedure whereby adjustments shall be made in the event that aggregate tax revenues exceed the limit.

The record discloses that the total assessed value of real estate in Borough is approximately ten million dollars ($10,000,000.00). Applying the twelve-mill multiplier

to that figure, the court below calculated a resulting one hundred-twenty thousand dollar ($120,000.00) limit on aggregate tax revenue. Appellants assert that the method employed by Borough in estimating the amount of money to be generated from the tax grossly underestimates the true amount to be collected which, they contend, when combined with other taxes already being levied by Borough pursuant to the Act, will exceed the $120,000.00 limit derived from Section 17. We disagree. First, we are bound by the standard of review imposed by Section 6 of the Act, 53 P.S. §6906, which directs us not to interfere with the reasonable discretion of the Borough in fixing the rates of the tax. The record discloses no facts which would justify a finding that Borough officials abused their discretion in estimating the revenue to be derived from a .5% tax on earned income and net profits. Second, Section 17 of the Act, 53 P.S. §6917, sets forth the proper procedure for challenging a tax which proves to be excessive.[3]

---

3. Section 17 provides:

"(b)  Reduction of Rates Where Taxes Exceed Limitations; Use of Excess Moneys.—If, during any fiscal year, it shall appear that the aggregate revenues from taxes levied and collected under the authority of this act will materially exceed the limitations imposed by this act, the political subdivision shall forthwith reduce the rate or rates of such tax or taxes to stay within such limitations as nearly as may be. Any one or more persons liable for the payment of taxes levied and collected under the authority of this act shall have the right to complain to the court of common pleas of the county in an action of mandamus to compel compliance with the preceding provision of this subsection. Tax moneys levied and collected in any fiscal year in excess of the limitations imposed by this act shall not be expended during such year, but shall be deposited in a separate account in the treasury of the political subdivision for expenditure in the following fiscal year. The rates of taxes imposed under this act for the following fiscal year shall be so fixed that the revenues thereby produced, together with the excess tax moneys on deposit as aforesaid, shall not exceed the limitations imposed by this act."

We therefore conclude that Appellants' objections to the tax are without merit. Accordingly, we

ORDER

AND NOW, this 27th day of January, 1976, the order of the Court of Common Pleas of Delaware County is modified so as to make the effective date of the tax February 16, 1975. As modified, the order is affirmed.