## South Whitehall Township Appeal

*James A. Bartholomew,* for petitioner.
*Anthony R. Thompson,* for respondent.

WIEAND, *J.,* November 3, 1976 — The township of South Whitehall, being dissatisfied with the tax assessment placed upon the Holiday Inn Motel property located within its borders, has appealed to this court from a decision of the Lehigh County Board of Assessment Appeals. In support of its claim that the tax assessment is too low, the township has sought to discover the income and expenses of the owner's business operations during the years 1973, 1974 and 1975. B & C Motel Corporation, owner of the Holiday Inn property, resists the township's efforts to discover anything more than income derived from the rental of motel units.

The issue which must be decided, therefore, is the relevance of the profits or losses sustained by the motel business in determining the value of the real estate on which the business is conducted.

The term "actual value," as referred to in real estate tax statutes, means the the fair market value of the real estate: Baldwin-Lima-Hamilton Corporation Appeal, 412 Pa. 299, 194 A.2d 434 (1963). This is equivalent to " ' " 'the price which a purchaser, willing but not obliged to buy, would pay an owner, willing but not obliged to sell, taking into consideration all uses to which the property is adapted and might in reason be applied.' " ' " U. S. Steel Corporation v. Board of Assessment and Revision of Taxes, 422 Pa. 463, 467, 223 A.2d 92 (1966).

The rental income from real property is relevant and may be considered in determining the market value of such real estate. See: 96 A.L.R.2d 670. A distinction must be drawn, however, between income produced by the real estate and income attributable to a business conducted thereon. Cf. Eminent Domain Code of June 22, 1964 (Spec. Sess.), P. L. 84, sec. 705, 26 P. S. §1-705(2) (iii), and the comment of the Joint State Government Commission. The profits of a business are not ordinarily evidence of the value of the premises on which the business is conducted, because they depend on the activity, the enterprise and the business foresight of the occupant, as well as upon the good will of the business, rather than on the value of the real estate itself. Thus, in West View Borough v. West View Park Co., 69 D. & C. 26 (1949), the Court of Common Pleas of Allegheny County dismissed a borough's bill of discovery to learn the profits of an amusement park, holding

that such profits were not competent evidence of the market value for tax purposes of the real estate on which the business was operated.

Neither counsel nor our own research has uncovered an appellate court decision in this state which determines the relevance of the total income generated by a motel (or hotel) business for purposes of determining the market value of the real estate on which the business is conducted. In Bellevue-Stratford Company v. Philadelphia, 366 Pa. 278, 77 A.2d 604 (1951), where the trial judge had received evidence of income derived from a hotel business but had not relied thereon in arriving at the assessed real estate value fixed in his adjudication, the Supreme Court said at page 280: " '. . . while evidence of income has little probative value, it is not error to admit such evidence and accord it incidental recognition.' " This was weakened, however, by subsequent language that the error, if any, in receiving such evidence was harmless in view of the fact that the trial court gave no consideration thereto. The decision, therefore, is ambiguous and of little value in deciding the issue in the instant case.

In People ex rel. Hotel Paramount Corp. v. Chambers, 298 N.Y. 372, 83 N.E.2d 839 (1949), the New York Court of Appeals recognized the inherent difficulty in attempting to attribute hotel income to real estate on the one hand, or to management, good will, furniture, furnishings, food and beverage on the other hand. It concluded that "the valuation of a transient hotel property is in essence the valuation of a 'specialty,' a term including real estate, which, unlike an apartment house or office building, produces income only in combination with a business conducted upon it."

In such cases, the court concluded, "[t]he relevance of income or profit produced in the operation of [a transient hotel property] is necessarily limited . . . to the inquiry whether the structural improvements are suitable to the site and whether the full structural value of the building may be added to the value of the land."

Subsequently, in the case of Hilton Inns, Inc. v. Board of Assessors, 242 N.Y.S.2d 433, 39 Misc. 2d 792 (1963), the Supreme Court, Westchester County, held on the authority of the Paramount case, supra, that the income from a transient hotel was material information which the owner could be required to divulge in response to discovery requests. In so holding, the court said: " . . . the petitioner's hotel income is relevant and material herein. The village can employ its own experts to segregate that portion of the business income which is attributable to the real estate."

Other decisions which have considered income as a factor in evaluating hotel properties for tax purposes are annotated at 96 A.L.R.2d 704.

Thus, in the instant case, the income produced by the Holiday Inn owned by B & C Motel Corporation can be attributed in part to the real estate and in part to the business conducted upon it. The size of the real estate, its location, and the value and suitability of improvements situated thereon contribute substantially to the production of income. So also do the furniture and furnishings, the management, the good will, the food and beverages prepared and served. The precise manner in which the income is to be allocated between the real estate and the business is difficult and need not now be determined. Nor need we now determine the weight, if any, to be accorded to such income in

determining the market value of the motel real estate. Suffice it to say that this information possesses a relevancy to the issue of the market value of appellee's motel. Therefore, it is properly the subject of discovery.

## ORDER

Now, November 3, 1976, the petition of South Whitehall Township for discovery is allowed, and B & C Motel Corporation is directed to make available to said township, or to its attorney, a statement of the profits and/or losses sustained by the business known as Holiday Inn during the years 1973, 1974 and 1975. In the absence of further order of court, however, it shall not be required to supply answers to specific inquiries propounded by the township's real estate expert.