James D. Prior et al. *v.* Borough of Eddystone, Appellant.

James D. Prior et al. *v.* Borough of Eddystone, Appellee.

Argued April 6, 1977, before President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*Edward J. Zetusky, Jr.,* for Borough of Eddystone.

*Kenneth E. Aaron,* with him *Davidson & Aaron,* for James D. Prior, et al.

Opinion by Judge Mencer, June 16, 1977:

We are confronted with two appeals from an order of the Court of Common Pleas of Delaware County which denied a petition of 28 nonresidents of the Borough of Eddystone (Borough), seeking to have the

Borough's Earned Income Tax Ordinance declared invalid.[1] Both appeals enter on the following question: Is the aggregate amount of taxes that a borough may impose under The Local Tax Enabling Act[2] (Tax Act) limited to an amount equal to the product of 12 mills times the market valuation, rather than the assessed valuation, of real estate in the borough?

The court below concluded that it is assessed valuation of real estate to which the 12-mill limitation is applicable but denied the petition because it was convinced that Section 17(b) of the Tax Act, 53 P.S. §6917(b),[3] "provides clear and unmistakable direc-

---

[1] Although the order entered by the Court of Common Pleas of Delaware County was favorable to the Borough of Eddystone, the Borough filed an appeal to this Court which was docketed at No. 1505 C.D. 1976. The Borough states in its brief that it is only appealing that portion of the court's *opinion* interpreting Section 17(a) of The Local Tax Enabling Act, Act of December 31, 1965, P.L. 1257, *as amended*, 53 P.S. §6917(a). Although the court, by its order, denied the petition, its opinion states that "[w]e conclude the matter must be returned to them [Council of the Borough of Eddystone] for appropriate legislative corrective action." Our disposition of this case resolves the Borough's dilemma. However, because the order entered by the court below was not adverse to the Borough, there is no basis for the appeal of the Borough, which must be quashed. One may not appeal from a decision which is not adverse to him even though he is a party to the action in which the decision was rendered. *Pierro v. Pierro*, 434 Pa. 131, 252 A.2d 652 (1969).

[2] Act of December 31, 1965, P.L. 1257, *as amended*, 53 P.S. §§6901-6924.

[3] Section 17(b) of the Tax Act reads:

(b) Reduction of Rates Where Taxes Exceed Limitations; Use of Excess Moneys.—If, during any fiscal year, it shall appear that the aggregate revenues from taxes levied and collected under the authority of this act will materially exceed the limitations imposed by this act, the political subdivision shall forthwith reduce the rate or rates of such tax or taxes to stay within such limitations as nearly as may be. Any one or more persons liable for the payment of taxes levied and collected under the authority of this act shall have the right to complain to the court of common

tional guides for the Borough, and . . . a remedy if action is not taken.'' The petitioners appealed here asserting that the court below should have declared the tax ordinance in question invalid because of that portion of Section 6 of the Tax Act, 53 P.S. §6906, which reads as follows:

It shall be the duty of the court to declare the ordinance and the tax imposed thereby to be valid unless it concludes that the ordinance is unlawful or finds that the tax imposed is excessive or unreasonable; but the court shall not interfere with the reasonable discretion of the legislative body in selecting the subjects or fixing the rates of the tax. The court may declare invalid all or any portion of the ordinance or of the tax imposed or may reduce the rates of tax.

We affirm, but for the reason that we conclude that the aggregate amount of all taxes imposed by the Borough under the provisions of the Tax Act do not exceed the overall limit of tax revenues set by Section 17(a) of the Tax Act. Section 17(a) reads in pertinent part:

The aggregate amount of all taxes imposed by any political subdivision under this section and in effect during any fiscal year shall not exceed an amount equal to the product obtained

---

pleas of the county in an action of mandamus to compel compliance with the preceding provision of this subsection. Tax moneys levied and collected in any fiscal year in excess of the limitations imposed by this act shall not be expended during such year, but shall be deposited in a separate account in the treasury of the political subdivision for expenditure in the following fiscal year. The rates of taxes imposed under this act for the following fiscal year shall be so fixed that the revenues thereby produced, together with the excess tax moneys on deposit as aforesaid, shall not exceed the limitations imposed by this act.

by multiplying the latest total market valuation of real estate in such political subdivision, as determined by the board for the assessment and revision of taxes or any similar board established by the assessment laws which determines market values of real .estate within the political subdivision, by twelve mills. In school districts of the second class, third class and fourth class and in any political subdivision within a county where no market values of real estate have been determined by the board for the assessment and revision of taxes, or any similar board, the aggregate amount of all taxes imposed under this section and in effect during any fiscal year shall not exceed an amount equal to the product obtained by multiplying the latest total market valuation of real estate in such school district, or other political subdivision, as certified by the State Tax Equalization Board, by twelve mills.

First, as was noted in *Wm. Penn Parking Garage, Inc. v. City of Pittsburgh*, 464 Pa. 168, 346 A.2d 269 (1975), Section 17(a) of the Tax Act establishes a limit on the aggregate amount of all taxes which may be imposed by political subdivisions. This provides the exclusive measure of whether the aggregate tax burden of the subdivision is "excessive or unreasonable" within the meaning of Section 6. Therefore, if the taxes imposed do not exceed the established limit on the aggregate amount of all taxes which may be imposed, the court may not declare the tax ordinance invalid as authorized by Section 6.

Here the parties agree, and the record discloses, that the Borough has imposed the following taxes by authority of the Tax Act and estimates that it will receive from each as follows:

| | |
|---|---|
| Real Estate Transfer Tax (1% rate) | $ 2,000 |
| Occupational Privilege Tax ($10) | 30,000 |
| Earned Income Tax (½ of 1%) | 90,000 |
| Total | $122,000 |

If the 12-mill limitation is applied to the $26,000,000 market valuation established by the State Tax Equalization Board, the Borough's aggregate tax limit would be $312,000, and the taxes imposed of approximately $122,000 would be well within the permissible limit.[4] However, if the 12-mill limitation is applied to the $7,508,655 assessed valuation as determined by the Board for Assessment and Revision of Taxes, the Borough's aggregate tax limit would be $90,103.86, and the approximately $122,000 tax imposition would be about 35 percent over the permissible limit.

Thus, it can readily be appreciated that the outcome of this appeal is dependent upon whether the 12-mill limitation of Section 17(a) is applied to market valuation or assessed valuation of the real estate of the Borough. It is common knowledge that real estate frequently is not appraised at actual or market value and that there is a wide discrepancy between the ratio of assessed value to actual value, not only in different governmental units, but oftentimes within the same unit. *Buerger v. Allegheny County Board of*

[4] The court below concluded that market valuation meant assessed valuation because the Board for Assessment and Revision of Taxes had made only one valuation and that was the assessed valuation of each property. We think this conclusion overlooked the subsequent language of Section 17(a) that states that "in any political subdivision within a county where no market values of real estate have been determined by the board for the assessment and revision of taxes, . . . the aggregate amount of all taxes imposed under this section . . . shall not exceed an amount equal to the product obtained by multiplying the latest total market valuation of real estate in such . . . political subdivision, as certified by the State Tax Equalization Board, by twelve mills."

*Property Assessment,* 188 Pa. Superior Ct. 561, 149 A.2d 466 (1959). Our Supreme Court has held that, within the meaning of statutes of this nature, the term "actual value" refers to market value. *Baldwin-Lima-Hamilton Corporation Appeal,* 412 Pa. 299, 194 A.2d 434 (1963). As defined by our Supreme Court, market value is the price which a purchaser, willing but not obliged to buy, would pay an owner, willing but not obliged to sell, taking into consideration all uses to which the property is adapted and might in reason be applied. *United States Steel Corporation v. Board of Assessment and Revision of Taxes,* 422 Pa. 463, 223 A.2d 92 (1966).

We believe that there is general recognizable difference between assessed valuation of real estate and market valuation of real estate. Accordingly, when the Legislature provided, in Section 17(a), that the tax limitation was to be determined by "multiplying the latest total market valuation of real estate . . . by twelve mills," it intended and meant market valuation and not assessed valuation. When the words of the statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit. 1 Pa. C.S. §1921(b). The words "market valuation" have a well-known meaning and are clear and free from all ambiguity. Accordingly, the lower court's order denying the petition to have the Borough's Earned Income Tax Ordinance declared invalid was correct because the taxes imposed under the authority of the Tax Act did not exceed the limitation imposed by Section 17(a) of the Tax Act, which limitation is properly computed by multiplying total market valuation of real estate by 12 mills.

Even if we would assume, for purpose of argument, that our conclusion relative to market valuation was in error, we would, as did the court below, be impelled to affirm the order under attack here because of our

holding in *Donnelly v. Borough of Media,* 23 Pa. Commonwealth Ct. 115, 351 A.2d 299 (1976). In *Donnelly,* we held what is equally applicable here, that, "[f]irst, we are bound by the standard of review imposed by Section 6 of the Act, 53 P.S. §6906, which directs us not to interfere with the reasonable discretion of the Borough in fixing the rates of the tax. The record discloses no facts which would justify a finding that Borough officials abused their discretion in estimating the revenue to be derived from a .5% tax on earned income and net profits. Second, Section 17 of the Act, 53 P.S. §6917, sets forth the proper procedure for challenging a tax which proves to be excessive." 23 Pa. Commonwealth Ct. at 121, 351 A.2d at 303. Thus, at best, the petitioners below, appellants here, seek relief prematurely. *City of Reading Earned Income Tax Case,* 47 Pa. D. & C. 2d 421 (1969).

Order affirmed.[5]

ORDER

AND Now, this 16th day of June, 1977, the appeal of the Borough of Eddystone, docketed at No. 1505 C.D. 1976, is quashed, and the appeal of James D. Prior, et al., docketed at No. 1521 C.D. 1976, is dismissed, and the order of the Court of Common Pleas of Delaware County under date of July 23, 1976, denying the petition of James D. Prior, et al., to declare Ordinance 441 of the Borough of Eddystone invalid, is hereby affirmed.

---

[5] Since we hold that the Borough did not exceed the overall limits of tax revenues established by Section 17(a) of the Tax Act, we need not address the raised issue of whether or not Section 6 of the Tax Act requires a court to invalidate a tax ordinance or reduce the rate of a tax where the borough has exceeded the limitations of total aggregate taxes allowed to be imposed under Section 17(a) of the Tax Act.