## Connelly v. Board of Commissioners

*Thomas M. Guinan*, for plaintiff.
*Randolph A. Warden*, for defendant.

BROWN, *J.*, July 22, 1981—

## FINDINGS OF FACT

1. Petitioners are businessmen in Lower Moreland Township.

2. Defendant Lower Moreland is a township of the first class in Montgomery County.

3. On December 30, 1980, the Township's Board of Commissioners enacted Ordinance No. 309, imposing a tax on the privilege of engaging in a business, trade, occupation, profession, or vocation within the township and a mercantile license tax on wholesale, retail or wholesale and retail businesses within the township for the calendar year 1980. The business privilege tax rate was 1.5 mills, the retail sales rate was 1.0 mills, and the wholesale rate was .5 mills.

4. On January 29, 1981, petitioners appealed the passage of that ordinance to this court. A hearing was held on February 17, 1981, with argument on February 20. On April 23, 1981, the appeal was dismissed as moot upon advice of counsel that Ordinance 309 had been repealed.

5. At a "workshop" meeting of the Board of Commissioners on February 10, 1981, a consensus was reached to repeal Ordinance 309 and enact a new tax ordinance but at higher rates: business privilege, 2.0 mills, retail sales, 1.5 mills, and wholesale sales, 1.0 mill. Also, the tax contemplated was to be for an indefinite term rather than for the year 1981 alone.

6. The higher rates were imposed because the taxing period would be for an eight month period, from May 1 to December 31, 1981, rather than a full year. This decision was made partly on the advice of Berkheimer Associates, Inc., township tax collector and consultant, which estimated the higher rates would produce revenue of $120,000 for the eight month period.

7. The purpose underlying the decision to enact the new tax ordinance for an indefinite period was the desire to avoid the necessarily lengthy time which would be taken by reenacting the ordinance each year. This decision was made on the advice of the township manager and township solicitor.

8. Advertisement of notice of intent to adopt the new ordinance was published in TODAY'S SPIRIT for three successive weeks, on February 26, March 5, and March 12, 1981, pursuant to the requirements of The Local Tax Enabling Act of December 31, 1965, P.L. 1257, 53 P.S. §6904.

9. The revenue estimate by Berkheimer Associates, Inc. was made through (1) a comparison with Whitemarsh Township, which is similar to Lower Moreland demographically; and (2) a survey of the number of businesses in Lower Moreland Township.

10. Ordinance 309 was repealed by Ordinance 312 and the new ordinance, 313, was enacted by the Board of Commissioners on March 18, 1981.

## DISCUSSION

Petitioners argue the enactment of Ordinance No. 313 was defective and in violation of The Local Tax Enabling Act of December 31, 1965, P.L. 1257, 53 P.S. §6901 et seq. They complain the notice of intent to pass failed to set forth either a reasonable or good faith estimate of the amount of revenue to

be derived from the tax. Section 6904 requires the notice to set forth "the amount of revenue estimated to be derived from the tax." The notice provided: "TOTAL ANTICIPATED REVENUES FROM SUCH TAXES DURING THE YEAR 1981 FROM MAY 1, 1981, THE DATE ON WHICH THE TAX COMMENCES, THROUGH DECEMBER 31, 1981 ARE $120,000, AND THEREAFTER A SIMILAR AMOUNT INCREASED PRO RATA FOR THE FULL YEAR'S PERIOD THEREAFTER APPLICABLE."

The evidence shows the revenue estimate was reasonable and obtained in good faith. It was made by Berkheimer Associates, Inc., employed by the township for consulting and collecting.

This court is bound by the standard of review set forth in section 6 of the Enabling Act:

"It shall be the duty of the court to declare the ordinance and the tax imposed thereby to be valid unless it concludes that the ordinance is unlawful or finds that the tax imposed is excessive or unreasonable; but the court shall not interfere with the reasonable discretion of the legislative body in selecting the subjects or fixing the rates of the tax."

Nothing in the record suggests arbitrary or capricious action or bad faith in obtaining the estimate. While it is understandable that petitioners desire as accurate an estimate as possible, they failed to show that the Board of Commissioners acted unreasonably as was their burden. They failed to rebut the presumption that the municipal officers acted properly in furtherance of the public good: Donnelly v. Borough of Media, 23 Pa. Commonwealth Ct. 115, 119, 351 A. 2d 299, 302 (1976).

Petitioners also contend the notice of intent to adopt Ordinance 313 was defective. They argue that the phrase "consider adoption" in the body of

the advertisements of February 26, March 5, and March 12, 1981, contradicts the phrase "intention to adopt" which opened each notice, and thereby rendered the notices vague, confusing and misleading. This argument is frivolous. Each notice began as follows: "The Board of Commissioners of Lower Moreland Township hereby gives *notice of its intention to adopt* the following ordinance. . . ." The phrase "consider adoption" in the body of the notice does not contradict the initial statement of intent to adopt. Indeed, one would hope the board would consider adoption of that which they intend to adopt. In short, the notices comply with the requirement of section 4 of the act.

Next, petitioners assert the mercantile license tax violates section 8(2) of the Enabling Act. They contend the tax is levied on trade-ins in violation of section 8(2), which provides in pertinent part:

"No such tax shall be levied on the dollar volume of business transacted by wholesale and retail dealers derived from the resale of goods, wares and merchandise, taken by any dealer as a trade-in or as part payment for other goods, wares and merchandise, except to the extent that the resale price exceeds the trade-in allowance."

Ordinance 313 does not violate section 8(2). Section 80(h) of the ordinance defines gross receipts as follows: "Gross Receipts shall include both cash and credit transactions as provided by law." Section 85(b) of the Ordinance provides:

Adjustments allowed to customers may be deducted from "gross receipts" if they are deducted on the face of the invoice as a medium of adjusting the price or fee for the service and if they are not reimbursed to the person by his supplier or some other person.

These provisions bring the ordinance into compliance with section 8(2) of The Local Tax Enabling Act. That allowance for trade-in pursuant to section 8(2) is within the meaning of the ordinance is made clear by section 39 of the Regulations adopted by the Commissioners.

Section 39 provides:

Property Traded In.
a. In the case of a trade-in or part payment in goods, wares and merchandise in a transaction in which goods, wares and merchandise are sold and allowances made, the taxpayer may at his option deduct the value of the trade-in or part payment from gross receipts so long as done on the face of the invoice at the time of the original transaction as a medium for adjusting the price of the goods, wares or merchandise; provided, however, that if no such deduction is taken by the merchant, then the value allowed for the trade-in or part payment in goods, wares or merchandise must be deducted by the dealer at the time of resale of the trade-in or part payment so that no tax is levied or collected on the dollar volume of business derived from the resale of goods, wares and merchandise taken by any dealer as a trade-in or as part payment for other goods, wares and merchandise, except to the extent that the retail price exceeds the trade-in allowance.

If the ordinance is not explicit enough, certainly the regulation is clear that trade-ins are not taxed.

Petitioners also contend the ordinance violates provisions of The First Class Township Code of June 24, 1931, P.L. 1206, as amended, 53 P.S. §55101 et seq. Initially, they argue the various fine and penalty sections of the ordinance violate section 1502 of the code, 53 P.S. §56502, which gives, among other powers to the Board of Commissioners, the right

"To prescribe fines and penalties, not exceeding three hundred dollars in any instance, for the violation of township ordinances, which fines and penalties may be collected by suit brought in the name of the township before any justice of the peace, in like manner as debts of like amount may be sued for by existing laws, and to remit such fines and penalties."

There are provisions in Ordinance 313 which provide for penalties potentially greater than $300. Section 76, under the Business Privilege Tax provisions, states: "A penalty in the amount of ten percent (10%) of the tax due shall be added if the taxpayer has neglected or refused to file a return or make any payment." The authority for this provision is section 22 of The Local Tax Enabling Act, 53 P.S. §6922, which provides:

"Except as otherwise provided in the case of any tax levied and assessed upon earned income, any such political subdivision shall have power to prescribe and enforce reasonable penalties for the nonpayment, within the time fixed for their payment, of taxes imposed under authority of this act and for the violations of the provisions of ordinances or resolutions passed under authority of this act.

"If for any reason any tax levied and assessed upon earned income by any such political subdivision is not paid when due, interest at the rate of six percent per annum on the amount of said tax, and an additional penalty of one-half of one percent of the amount of the unpaid tax for each month or fraction thereof during which the tax remains unpaid, shall be added and collected. When suit is brought for the recovery of any such tax, the person liable therefor shall, in addition, be liable for the costs of collection and the interest and penalties herein imposed."

This section and the authority it provides is distinct from that under section 1502 of The First Class Township Code. Penalty and interest allowed under section 22, so long as "reasonable," is civil in nature as distinct from the fines and penalties, penal in nature, within section 1502 of the code. Pursuant to the authority of section 22 of the Enabling Act, the penalty provisions of Ordinance 313 are valid.

Petitioners contend that Ordinance 313 improperly authorizes the Collector or Township Solicitor to institute suits for the recovery of unpaid taxes in violation of The First Class Township Code, the Judicial Code, and The Local Tax Enabling Act. Section 10 of The Local Tax Enabling Act, 53 P.S. §6910, provides that the township is "authorized to provide by ordinance . . . for . . . the appointment . . . of such officers, clerks, collectors, and other assistants and employes, either under existing departments, or otherwise as may be deemed necessary, for the assessment and collection of taxes imposed under authority of this act." Implied in this is the power to institute suits in the name of the township for collection purposes.

Petitioners complain the township adopted the 1981 budget without obtaining a good faith estimate of the amount of revenues to be derived from the taxes of Ordinance 313. This contention relates to the good faith of the board in enacting the ordinance and the same considerations discussed earlier are applicable. Petitioners have not shown bad faith, arbitrariness, or fraud in defendants' budgetary calculations or revenue estimates. Absent such a showing, the court will not intervene to review such calculations or estimates. Moreover, specific statutory provision is made for budget revision should revenues exceed the initial estimate.

See section 5, The Local Tax Enabling Act, 53 P.S. §6905.

Petitioners contend Ordinance 313 is unconstitutional because it is not uniform among various classes of taxpayers. The assertion is made that the defect in classification does not permit a taxpayer to pay tax only during the months he is actually engaged in business since he must pay tax based on an estimate before the year ends. The answer is in section 95 which provides for an adjustment based on actual gross receipts should he go out of business before the year ends.

Finally, petitioners contend various provisions of Ordinance 313 violate section 2 of The Local Tax Enabling Act, 53 P.S. §6902, which provides that a municipality "may . . . by ordinance or resolution . . . levy . . . such taxes as they shall determine on persons, transactions, occupations, privileges, subjects and personal property *within the limits of such political subdivision.*" (Emphasis supplied.) Petitioners assert that various sections of Ordinance 313, by taxing gross receipts of services performed outside of Lower Moreland Township, violate section 2 of the Enabling Act. They rely on Borough of Brookhaven v. Century 21, 57 Pa. Commonwealth Ct. 211, 425 A. 2d 466 (1981), in which the court held invalid a regulation purporting to tax the entire receipts from personal services "whether or not the services" were performed in the Borough. No such extension of taxing power is expressed in the ordinance under consideration here. Indeed, specific sections of the ordinance require that part of the services, Section 77, or a significant part, Sections 55(b) and 82(b), take place in the township or that there be an office in the township from which services are rendered. Moreover, Sections 60 and 87 of Ordinance 313

provide exemption procedures for allocation of taxable and non-taxable receipts where there is an insufficient nexus between the business activity carried on in the Township and the imposition of the tax. In short, Ordinance 313 and its regulations comply with section 2 of The Local Tax Enabling Act.

## CONCLUSIONS OF LAW

1. Equity has jurisdiction over the parties and the cause.

2. Advertisement of its intention to adopt Ordinance No. 313 was properly given in accordance with the provisions of section 4 of The Local Tax Enabling Act.

3. Defendants made a good faith estimate of the revenues to be expected from the taxes.

4. The ordinance and resolutions adopted by the township comply with the requirements of section 8 of The Local Tax Enabling Act that no such taxes be levied on revenues from trade-ins or on resale of goods, wares and merchandise except to the extent that such revenues on resale exceed the trade-in allowance.

5. The ordinance complies with the provisions of section 22 of The Local Tax Enabling Act and section 1502 of The First Class Township Code, as amended, as to interest and penalties provided for nonpayment of tax or refusal to file a return.

6. The ordinance complies with applicable sections of The Local Tax Enabling Act and The First Class Township Code in authorizing the Collector of taxes, as defined in the ordinance, or the township solicitor to bring suits for the collection of taxes.

7. Ordinance No. 313 complies with the requirement of uniformity under The Pa. Const., Art. VIII, §1, in its provisions regarding the manner of reporting and computing estimated and actual gross receipts for taxpayers who terminate their business during the tax year and in the manner in which adjustments are to be made.

8. Plaintiffs' right to due process and equal protection of the laws under the United States Constitution and Pennsylvania Constitution have not been violated by the actions of defendants before and at the time of adoption of Ordinance No. 313.

9. The provisions of Ordinance No. 313 as to the transactions which may be taxed under the Business Privilege Tax do not exceed the authority granted to the township under The Local Tax Enabling Act.

10. The provisions of Ordinance No. 313 which levy a tax on the privilege of doing business in the township based on gross receipts of businesses do not exceed the authority granted to the township under section 2 of The Local Tax Enabling Act, 53 P.S. §6902, in that the ordinance provides that a significant aspect of the business transaction must take place within the township, that the activity take place within the township or that the services be rendered from an office maintained by a business within the township.

11. Ordinance No. 313 is a valid ordinance.

## DECREE NISI

And now, July 22, 1981, petitioners' complaint is dismissed.

Unless exceptions are filed within ten days of service hereof, this decree shall become the final decree of the court without further action.