In the Matter of Harrisburg Park Apartments, Inc. Harrisburg Park Apartments, Inc., Appellant.

Argued January 28, 1985, before Judges ROGERS, MACPHAIL and DOYLE, sitting as a panel of three.

*Jordon D. Cunningham, Fox, Farr & Cunningham, P.C.,* for appellant.

*F. R. Martsolf, Connelly, Martsolf & Reid,* for appellee.

OPINION BY JUDGE MACPHAIL, March 27, 1985:

Harrisburg Park Apartments, Inc. (Harrisburg Park) appeals here two orders which the Court of Common Pleas of Dauphin County entered in Harrisburg Park's appeal to that court: the first order denied and dismissed Harrisburg Park's property assessment appeal, and the second dismissed Harrisburg Park's exceptions to the earlier order. We vacate and remand.[1]

The Harrisburg Park complex is a 163-unit apartment building which was subsidized through the Department of Housing and Urban Development (HUD) under a Section 221(d)(3) program (12 U.S.C. §1715*l*). Harrisburg Park obtained a mortgage at the flat rate of three percent (3%). Rents for the apartments are fixed by HUD which limits the annual return on investment to six percent (6%). All rental increases and other non-rental charges must be approved by HUD.

The Board of Assessment Appeals (Board) determined the fair market value to be $1,322,460.00. Harrisburg Park exercised its right of de novo review and appealed this value determination to the court of common pleas. At trial, both Harrisburg Park and Dauphin County (County) presented expert testimony on the value of the apartment complex. The trial court affirmed the Board's assessment. The instant appeal followed.

Our scope of review in a tax assessment appeal is restricted to a determination of whether the trial court committed an error of law or abused its discretion in deciding the property's fair market value. *Mellon*

---

[1] We note that no procedural rule or order provides for the filing of exceptions in this statutory appeal proceeding. *Pittsburgh -Des Moines Steel Co., Inc. v. McLaughlin*, 77 Pa. Commonwealth Ct. 565, 466 A.2d 1092 (1983).

*Bank, N.A. Appeal,* 78 Pa. Commonwealth Ct. 463, 467 A.2d 1201 (1983). In a tax assessment appeal, the trial court is the finder of fact. *Kriebel Tax Assessment Case,* 79 Pa. Commonwealth Ct. 466, 470 A.2d 649 (1984). Where both the taxpayer and the Board have presented evidence of current fair market value, the trial court determines the credibility and evidentiary weight of the testimony. *Appeal of Chartiers Valley School District,* 67 Pa. Commonwealth Ct. 121, 447 A.2d 317 (1982), *appeal dismissed,* 500 Pa. 341, 456 A.2d 986 (1983). The trial court's findings "must be given great force and will not be disturbed unless clear error appears." *Mellon Bank, N.A. Appeal,* 78 Pa. Commonwealth Ct. at 466, 467 A.2d at 1202.

Harrisburg Park contends that the trial court erred when it failed to independently determine the fair market value of the property. We agree.

The trial court here stated that:

> Procedurally, the County has the initial burden of establishing the validity of the assessment; in the present case, that burden was met by introducing a copy of the tax assessment on the petitioner's property. It then shifted to the petitioner "to show by the fair weight of the evidence that the assessment was unfair." Baldwin Lima-Hamilton Corp. Appeal, 412 Pa. 299, 300-301, 194 A.2d 434, 435 (1963).

The court held that Harrisburg Park did not succeed in showing that the assessment was unfair and denied the appeal. The trial court made no findings of fact. Although the trial court correctly recognized the proper order of proof in cases such as the present one, it incorrectly allowed itself to be governed by the wrong standard. Our Supreme Court in *Deitch Co. v. Board of Property Assessment,* 417 Pa. 213, 109 A.2d 397 (1965), clarified the standard to be applied by the

trial court in performing its de novo review. The Supreme Court held that:

> The procedure requires that the taxing authority first present its assessment record into evidence. Such presentation makes out a prima facie case for the validity of the assessment in the sense that it fixes the time when the burden of coming forward with evidence shifts to the taxpayer. If the taxpayer fails to respond with the credible, relevant evidence, then the taxing body prevails. But once the taxpayer produces sufficient proof to overcome its initially allotted status, the prima facie significance of the Board's assessment figure has served its procedural purpose, and its value as an evidentiary device is ended.

417 Pa. at 221, 209 A.2d at 402.

The Court then stated the trial court's duties in a property assessment case:

> [I]n determining the correctness of the assessment in the present case, the court below must first decide on the basis of the competent, credible, and relevant evidence produced by all parties, what the fair market value of the property involved is . . . . Secondly, the court must determine the appropriate ratio of assessed value to market value which exists in [that] county. The court must then apply the ratio thus found to the market value of the property in order to arrive at the proper assessment.

*Id.* at 224, 209 A.2d at 403. Although the trial court independently received and considered the evidence, it made none of the findings required by *Deitch*. We cannot infer from the trial court's recognition of the accuracy of the Board's assessment that the trial court would have arrived at the same calculation.

414

The orders of the Court of Common Pleas of Dauphin County are vacated and the case is remanded for further proceedings consistent with this opinion. *See Board of Pensions and Retirement v. Einhorn,* 65 Pa. Commonwealth Ct. 144, 442 A.2d 21 (1982).

### ORDER

The orders of the Court of Common Pleas of Dauphin County, dated March 16, 1984, and November 17, 1982, are vacated and the case is remanded for further proceedings consistent with this opinion.

Judge WILLIAMS, JR., did not participate in the decision in this case.