505 A.2d 386

Leroy Thompson, Appellant *v.* West Branch Area School District, Appellee.

Argued November 15, 1985, before Judges Doyle and Palladino, and Senior Judge Kalish, sitting as a panel of three.

*Allan E. MacLeod,* for appellant.

*Winifred H. Jones-Wenger,* for appellee.

Opinion by Judge Doyle, February 26, 1986:

Leroy Thompson and Ronald Thompson (Appellants) appeal from a single order of the Court of Com-

mon Pleas of Clearfield County which disposed of three related actions between Appellants and West Branch Area School District (School District).

The School District filed separate actions in assumpsit against Leroy Thompson and Ronald Thompson, respectively, to recover unpaid earned income taxes for the tax years 1976 through 1982. In connection with these actions the School District served Appellants with requests for production of Federal income tax returns, pursuant to Pa. R.C.P. No. 4009. Appellants responded to these requests by filing motions for protective orders to prevent the production of these documents. Concurrent with these motions, Appellant Leroy Thompson filed a complaint in equity against the School District alleging that the School District had no authority to impose additional taxes upon its residents because it had accumulated an excessive surplus of funds between 1976 and 1982. The School District thereafter filed preliminary objections in the nature of a demurrer, alleging that the complaint in equity did not state a cause of action under existing law.

The court of common pleas consolidated argument, and heard Appellants' motions for protective orders together with the School District's preliminary objections to the complaint in equity. After a thorough consideration, the trial court issued an order which denied Appellants' motions for protective orders, and sustained the School District's preliminary objections in part, allowing Appellant Leroy Thompson's complaint in equity to stand insofar as it stated a claim under the Act of June 21, 1957, P.L. 390, as amended,[1] popularly referred to as the "Right to Know Law." The objections otherwise were sustained.

---

[1] 65 P.S. §66.1-66.4.

Appellants have appealed to this Court, alleging that the trial court erred in sustaining the demurrer, and in denying the motions for protective orders. The School District filed a motion to quash the appeal regarding the issue of the denial of the protective orders on the grounds that this portion of the court's order was interlocutory.[2] The motion to quash was granted by Senior Judge KALISH of this Court on November 16, 1984.

Still before us for resolution, however, is Appellant Leroy Thompson's claim that the School District had no statutory authority to maintain a surplus of funds.[3] Appellant based his request for declaratory and injunctive relief on the following allegation:

> During a period from and after fiscal year 1976, Respondent [School District] accumulated and currently retains a surplus in funds beyond that necessary for school operations in excess of $1,030,000.00, exceeding the entire collections of Respondent under the Local Tax Enabling Act of approximately $150,000.00 per year since 1976, all without authorization or authority under law.

In granting the School District's demurrer, the trial court concluded that the alleged accumulation of surplus did not result in a violation of any provision of The Local Tax Enabling Act (Act).[4] We agree.

---

[2] Appellants' appeals from the denial of the protective orders were docketed at 1511 C.D. 1984 and 1512 C.D. 1984.

[3] In reviewing the action of a trial court sustaining demurrers to a complaint in equity, we must accept as true all well-pleaded facts in the complaint and inferences deducible therefrom and will affirm only if the complaint clearly fails to state a cause of action. *Port Authority of Allegheny County v. Division 85, Amalgamated Transit Union*, 34 Pa. Commonwealth Ct. 71, 383 A.2d 954 (1978).

[4] Act of December 31, 1965, P.L. 1257, *as amended*, 53 P.S. §6901-6924.

Section 2 of the Act, 53 P.S. §6902, authorizes a school district to levy, assess, and collect a variety of taxes for general revenue purposes. Limitations as to the rate and amount of such taxes are provided by Section 8 of the Act, 53 P.S. §6908, which limits the rates which may be imposed as to certain types of tax, and Section 17(a) of the Act, 53 P.S. §6917(a), which limits the aggregate amount of all taxes which may be imposed. These sections have been held to provide the exclusive measure by which to determine whether the tax is "excessive or unreasonable" under Section 6 of the Act, 53 P.S. §6906. *William Penn Parking Garage, Inc. v. City of Pittsburgh,* 464 Pa. 168, 346 A.2d 269 (1975); *Prior v. Borough of Eddystone,* 30 Pa. Commonwealth Ct. 536, 374 A.2d 981 (1977). *See Donnelly v. Media Borough,* 23 Pa. Commonwealth Ct. 115, 351 A.2d 299 (1976) (allegation of excessive surplus resulting from tax insufficient to support a claim that the tax was unreasonable). Since Appellant's complaint did not allege that the School District exceeded the limits set forth in Section 8 or 17(a), the trial court reasoned that Appellant had stated no recognizable legal claim that the tax imposed was excessive or unreasonable.

Appellant concedes that his allegation that the School District accumulated $1,030,000.00 in surplus funds does not make out a cause of action under Sections 8 or 17(a) of the Act, but contends nonetheless that this accumulation of surplus exceeds the authority given elsewhere in the Act, and is thus actionable. In support of this contention Appellant cites Sections 690 and 440.1 of the Public School Code of 1949 (School Code), 24 P.S. §§6-690, 4-440.1.[5] Section 440.1 states that the school directors shall invest funds "con-

---

[5] Act of March 10, 1949, P.L. 30, *as amended.* Section 440.1 was added by Section 1 of the Act of June 1, 1959, P.L. 339, *as amended.*

sistent with sound business practice," and sets forth the types of investments permitted. The section does not specify a limit to the amount of investment, nor, contrary to Appellant's assertion, does it limit the use of funds to "temporary investments."[6] Far from supporting Appellant's claim, this section lends authority to the proposition that a school district may accumulate and invest surplus funds. Section 690 of the School Code also cited by Appellant, authorizes a school district to create a separate capital reserve fund to finance approved school building projects. Appellant suggests that this section sets forth the *only* set of circumstances under which surplus funds may be retained by a school district, and that retention of such funds under any other circumstances is unauthorized. This section, of course, makes no such statement. It merely delineates the manner in which funds may be accumulated for one particular purpose. In the absence of explicit language, we cannot possibly conclude that this was intended to prohibit the accumulation of surplus funds for other purposes. Indeed, Section 441.1 sets forth procedures for the investment of funds generally apart from those which are authorized by the School Code.[7]

In conclusion we have not been directed to, nor could we independently find, any provision which would prohibit the School District from accumulating a $1,030,000.00 surplus in funds. Further, the mere

---

[6] Under prior law, this section was entitled "Temporary investment of school district funds," and did specify that the director was to make "temporary investments." All references to the temporary nature of the investments were removed, however, when the section was revised by Section 1 of the Act of July 1, 1981, P.L. 200.

[7] *See, e.g.*, Act of April 30, 1943, P.L. 145, *as amended*, 53 P.S. §1431-1436, providing independent authority for a school district to create a capital reserve fund for the funding of capital improvements, replacements, deferred maintenance, and for the purchase and replacement of school buses.

existence of such a surplus, as we have seen, cannot support a claim that taxes are excessive or unreasonable.[8] *William Penn; Prior.* Therefore, the trial court did not err in granting the demurrer, and accordingly we affirm.[9]

ORDER

Now, February 26, 1986 the order of the Court of Common Pleas of Clearfield County, Docket Nos. 83-762, 83-763 and 83-16, dated April 10, 1984, is hereby affirmed.

---

[8] We do not mean to suggest, however, that a taxpayer is always without an equitable remedy in this situation; a taxpayer may question an excessive surplus in the context of a timely challenge to the school district's proposed budget prior to its adoption under Section 687 of the School Code, 24 P.S. §6-687, *But see Searfoss v. White Haven Borough School District,* 397 Pa. 604, 156 A.2d 841 (1959) (No cause of action to enjoin tax collection where taxpayers failed to make timely objection to the budget which had established tax).

[9] Appellant contends that the trial court should have granted him leave to amend his complaint, inasmuch as it allowed him to proceed with his claim under the Right to Know Law. Apparently, Appellant believes that the information denied him in violation of this law would have substantiated his claim regarding the excessive surplus. The demurrer was granted not because of factual inadequacy, however, but because of legal inadequacy. No amount of information would have supplied a cause of action on the basis of the excessive surplus. Should additional information give rise to a claim based on a new cause of action, however, there is nothing to prevent Appellant from pursuing this claim in another proceeding.