# Brown v. Forest Water Company, Appellant.

*Appeals—Assignments of error—Evidence.*

Assignments of error to the admission of evidence will not be considered where they contain no reference to the number of the printed page of the testimony; nor where they contain more than one bill of exception; nor where there is embodied in one assignment alleged error by the court in refusing to strike out the testimony of several different witnesses.

*. Water company—Eminent domain—Evidence.*

In proceedings to condemn land by a water company, the landowner may show that the property taken by the company was adapted to reservoir purposes from the natural formation of the land, the amount of water flowing over it, and its proximity to certain towns.

In estimating the market value of land everything which gives it intrinsic value is to be considered, and it is not to be limited to a particular use.

*Trial—Charge of court—Instructions.*

While it is perhaps better for the trial judge not to read to the jury erroneous instructions given by another court to another jury, although the purpose is to show that such instructions had been pronounced erroneous by the Supreme Court, yet such reading can do a party no harm, and is not ground for reversing the judgment.

Argued Oct. 30, 1905.    Appeal, No. 2, Oct. T., 1905, by defendant, from judgment of C. P. Cambria Co., March T., 1903, No. 37, on verdict for plaintiff in case of P. M. Brown v. Forest Water Company.    Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.    Affirmed.

Appeal from report of jury of view.    Before O'CONNOR, P. J.
The facts appear by the opinion of the Supreme Court.
Verdict and judgment for plaintiff for $2,500, $750 having been remitted.    Defendant appealed.

*Errors assigned* appear by the opinion of the Supreme Court.

*P. J. Little*, for appellant, cited : Reiber v. R. R. Co., 201 Pa. 49 ; Spring City Gas Light Company v. Pennsylvania, etc., R. R. Co., 167 Pa. 6 ; Kossler v. Ry. Co., 208 Pa. 50 ; Harris v. R. R. Co., 141 Pa. 242 ; Fulmer v. Williams, 122 Pa. 191.

*Alvin Evans*, with him *J. W. Leech* and *John E. Evans*, for appellee.

OPINION BY MR. JUSTICE POTTER, January 2, 1906:

Plaintiff in this case was the owner of a tract of 175 acres of land, in Croyle township, Cambria county, of which defendant appropriated under the power of eminent domain, about three and a half acres for a reservoir site, together with a stream of water, and a strip of land for the laying of its water line. Viewers were appointed to assess the damages and upon an appeal from their report this issue was framed. Upon the trial the verdict was for $3,250, which was reduced to $2,500 by the court. Judgment was entered for the latter sum, and the defendant has appealed. The first seven assignments of error relate to the admission of testimony offered by plaintiff and the eighth assignment complains of the refusal of the court below to strike out certain testimony.

All these assignments violate rule 31 of this court, for the reason that they contain no reference to the page of the paperbook where the matter embodied in them may be found in its regular order in the printed evidence. They must, therefore, be disregarded: Gerwig v. Johnston Company, 207 Pa. 585. The fifth assignment of error also violates rule 29 by referring to more than one bill of exceptions. And the eighth assignment violates the same rule by embodying in one assignment alleged error by the court in refusing to strike out the testimony of three different witnesses. Distinct questions must be assigned separately.

The defendant cannot properly complain of the admission of evidence that the property taken by it was adapted to reservoir purposes, from the natural formation of the land, the amount of water flowing over it, and its proximity to certain towns. All these matters were elements entering into the market value of the property.

In estimating the market value of land, everything which gives it intrinsic value is to be considered, and it is not to be limited to a particular use : Allegheny v. Black, 99 Pa. 152. This rule was again applied in Wilson v. Gas Co., 152 Pa. 566, and in O'Brien v. Ry. Co., 194 Pa. 336.

We said in McGroarty v. Coal Co., 212 Pa. 53, " Any pres-

ent or proximate use to which land is likely to be put, though not by itself a criterion of damages, is an element of its value, and may be shown as such."

The trial judge was very careful in his charge to exclude from the consideration of the jury in assessing the damages all speculative elements and future profits and to confine them strictly to the market value of the property before and after the appropriation.    Whether or not the evidence which the court refused to strike out was improper and tended to prejudice the defendant, cannot be considered, as the defective assignments do not bring it properly upon the record.    But it appears that the court felt that the jury had not given due weight to the caution which had been given, to disregard speculative estimates of the damages, and accordingly the verdict was reduced in amount.    As to the question raised by the ninth assignment, it would perhaps have been better not to have read to the jury any erroneous instructions given by another court, to another jury.    The purpose was, of course, to point out the fact that such instructions had been pronounced erroneous by this court, and we do not see that the defendant could have suffered any harm from the reading of the extract from the opinion in another case.    The true measure of damages was clearly set forth to the jury.    The tenth assignment complains of a reference by the court in the charge, to some evidence of a demand for water in the vicinity by one or more companies needing a supply.    But the contention of both sides, with reference to this matter, was cautiously brought to the attention of the jury.    Taken as a whole the charge of the court stated correctly and clearly the rule as to the measure of damages laid down so frequently by this court in similar cases.

The assignments of error are dismissed and the judgment is affirmed.