515 A.2d 335

In Re: Appeal of Avco Corporation from the Decision of the Board of Assessment Appeals of Lycoming County. Lycoming County, the City of Williamsport and the Williamsport School District, Appellants.

Argued May 15, 1986, before Judges BARRY and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Peter Burchanowski*, for appellant, Lycoming County.

*Michael J. Casale*, for appellant, The City of Williamsport.

*Nathan W. Stuart*, for appellant, The Williamsport School District.

*Seth Davenport*, with him, *John E. Garippa*, Garippa & Trevenen, for appellee, Avco Corporation.

OPINION BY SENIOR JUDGE KALISH, September 23, 1986:

Lycoming County, the City of Williamsport, and the Williamsport School District (appellants) appeal from an order of the Court of Common Pleas of Lycoming County which sustained Avco Corporation's (appellee) appeal from the tax assessment of its properties. We affirm.

The Lycoming County Board of Assessment and Revision of Taxes and Appeals upheld Lycoming County's tax assessment of appellee's property at $2,562,800. On appeal, the common pleas court fixed the assessment at $1,723,243.90.

Our scope of review is limited to determining whether the trial court abused its discretion, committed an error of law, or whether its decision is supported by

the evidence. *Appeal of Township of Ross*, 88 Pa. Commonwealth Ct. 618, 491 A.2d 929 (1985). In the exercise of this appellate review, we must determine whether the assessment is based on a proper legal foundation in determining the fair market value of the property, and whether the ratio of assessment to fair market value is uniform within this class of real estate. The finding of value by the trial court must be supported by competent evidence.

Because of the varying testimony in these cases concerning values and ratios fixed by witnesses, it is not within our scope, in this court, to fix the assessment. *Brooks Building Tax Assessment Case,* 391 Pa. 94, 137 A.2d 273 (1958).

The appellants contend that the trial court did not consider the three approaches for determining fair market value, namely reproduction cost less depreciation, capitalization of net income, and comparable sales, as mandated by section 602(a) of the Fourth to Eighth Class County Assessment Law (Law), Act of May 21, 1943, P.L. 571, *as amended,* 72 P.S. §5453.602(a); that the trial court substituted its own judgment, rather than that of the appraiser, in determining the adjustments to be made to comparable sales, and in reaching its conclusion; and that the conclusion as to value is not based on the evidence.

The court and the parties are not required to adopt the traditional methods of comparable sales, capitalization of net income or reproductions less depreciation in determining fair market value, and may use different modes of assessment, and different rates within differing classes of real estate. However, an assessment, to be uniform, must act alike on the classes of property subject to it. A difference in the methods or yardsticks or formulae used in ascertaining the *market value* does not prove lack of uniformity if there is a just basis for

the application of different methods or formulae. *Once that value is determined, there must be uniformity in applying the same ratio to the real estate within the class. Hammermill Paper Co. v. Erie,* 372 Pa. 85, 92 A.2d 422 (1952), *cert. denied,* 345 U.S. 940 (1953); *Delaware, L. & W. R.R. Tax Assessment (No. 1),* 224 Pa. 240, 73 A. 429 (1909).

At the trial *de novo* before the common pleas court, appellee's real estate appraisal expert used both the reproduction cost and comparable sales approaches, and the expert for the taxing authority used the income approach, as well as the cost and comparable sales approaches.

The trial court, in a clearly articulated opinion which considered the various approaches, discarded and gave no weight to the cost and income approaches. The comparable sales approach (sometimes referred to as the market data approach) is the approach which the trial court found to be most credible. It is this which appellants contend is error. Appellants cite section 602(a) of the Law, 72 P.S. §5453.602(a), which provides:

> (a) It shall be the duty of the chief assessor to rate and value all subjects and objects of local taxation. . . . In arriving at the actual value, all three methods: namely, cost (reproduction or replacement as applicable, less depreciation and all forms of obsolescence), comparable sales and income approaches, must be considered in conjunction with one another. . . .

The trial court, as fact finder, was aware of the various approaches used, and was empowered to decide the weight to be accorded to such testimony. The record indicates that the trial court did, in fact, consider all approaches used, but discarded two approaches and used only the market data approach, giving reasons for so doing. Our Supreme Court has said many times that

reproduction cost has no probative value for any purpose and in itself is an improper element, in fixing the fair market value of real estate *for tax purposes. Baldwin-Lima-Hamilton Corp. Appeal,* 412 Pa. 299, 194 A.2d 434 (1963). Only that data which is judicially relevant and competent may be admitted as evidence. *Traylor v. Allentown,* 378 Pa. 489, 106 A.2d 577 (1954). Moreover, section 602(a) of the Law, 72 P.S. §5453.602(a), does not require utilization of all three of the approaches—only that they be considered.

An expert may testify concerning the sales of comparable properties as one of the factors which was considered in arriving at an opinion of the fair market value of the real estate. This means the sale of similar property of the same type and class sold recently at a given price. The idea is that if similar property sold recently for a certain price, then the property we are concerned with would most likely sell for a similar price.

But this is not an exact science, and since no two properties are exactly alike, an expert must make adjustments to the sale price of the comparable property to aid him in forming an opinion. The adjustments may be as to time, condition, locality and size. Properties may be similar for comparison purposes without being identical, and the difference goes to the weight, *i.e.,* the persuasive quality, of the expert's testimony. Of course, the weight accorded to an expert's testimony is for the fact finder to determine. *Moodie v. Westinghouse Electric Corp.,* 367 Pa. 493, 80 A.2d 734 (1951).

The appellants contend that while the adjustments made by the expert go to the weight of the testimony, the trial court went too far and substituted its own judgment regarding the adjustments, thus becoming a witness.

In determining the credibility of an expert witness and the weight of the testimony, the fact finder treats

the expert as any other witness, and applies the same standards of credibility that would be applied to any other witness. The fact finder may believe all or none of the expert's testimony, or part of one expert's testimony and part of another expert's testimony. The fact finder should consider the method by which the expert reached his or her conclusion. The fact finder is not bound to accept the expert's testimony merely because it is the testimony of someone having special skill or knowledge. All the components that the expert considered are matters which the fact finder considers in determining the persuasive quality of the testimony. The fact finder weighs the opinions of the experts against one another to determine credibility and weight.

A review of the record shows that this was exactly what the trial court did. While a jury does not articulate how it views testimony, the record here does show that the views or adjustments expressed by the trial court were based on the evidence and with specific reference to the testimony. Nowhere did the trial court substitute its judgment, but rather the court articulated how it arrived at the weight to be given, carefully giving its reasons.

Absent an error of law, the trial court's credibility determinations are binding on this court. *Pittsburgh-Des Moines Steel Co., Inc. v. McLaughlin*, 77 Pa. Commonwealth Ct. 565, 466 A.2d 1092 (1983). We find no such error.

To the finding of fair market value, the trial court must apply the ratio of assessed value to actual value, as last determined by the State Tax Equalization Board. The fair market value fixed by the trial court was as of January 1, 1984. The record shows the common level ratio established in 1984 to have been 38.1 percent. The trial court correctly applied this common level ratio to the market value.

Accordingly, we affirm.

ORDER

Now, September 23, 1986, the order of the Court of Common Pleas of Lycoming County, No. 83-02329, dated July 23, 1985, is affirmed.

Judge BARRY concurs in the result only.