519 A.2d 1080

Pittsburgh Des Moines Steel Company *v.* The Board of Property Assessment, Appeals and Review of Allegheny County et al. Neville Township, Appellant.

Argued June 13, 1986, before Judges MACPHAIL and COLINS, and Senior Judge KALISH, sitting as a panel of three.

*Vincent A. Tucceri, Gaitens & Tucceri, P.C.*, for appellant.

*Leonard M. Mendelson*, with him, *Andrew Raynovich, Hollinshead and Mendelson*, for appellee.

OPINION BY SENIOR JUDGE KALISH, January 8, 1987:

Appellant, Neville Township (Township) appeals from an order of the Court of Common Pleas of Allegheny County which fixed the fair market value of property belonging to Pittsburgh Des Moines Steel Company (company), appellee, at $4,416,000. We affirm.

The company owned six parcels of land composed of 59.595 acres on which was located a steel manufacturing plant. In July, 1982, also on a real estate tax assessment appeal, the trial court had determined the fair market value of five of the six parcels of the subject property to be $7,700,000 for each of the years 1980, 1981, and 1982. This Court, in an opinion written by Judge CRAIG, affirmed the assessment holding that the trial court's determination of fair market value was based on competent and relevant evidence. *Pittsburgh-Des Moines Steel Co., Inc. v. McLaughlin*, 77 Pa. Commonwealth Ct. 565, 466 A.2d 1092 (1983).

In the present case, the Board of Property Assessment, Appeals and Review of Allegheny County (Board) assessed the cumulative fair market value of all six parcels of land for the years 1984 and 1985 at $9,814,300. The company appealed, and the trial court then fixed the fair market value of all six parcels of land at $4,416,000.

At the instant trial, the Board introduced into evidence this fair market value of $9,814,300, and rested. Using the market data (comparable sales) approach to valuation, the company's expert testified as to the sales of three comparable properties which were used in the 1982 trial, and none of the sales were later than the 1982 trial.

The Township objected to the use of this testimony on the basis of collateral estoppel and/or *res judicata,* and contended that in order to use any other sales in 1982, or in prior years, the owner must show a change of circumstances.

The trial court excluded the sales of 1979 and 1980 as being too remote, but allowed the sales for year 1982 as the most recent sales. In its opinion, the trial court indicated that it did not consider the opinion of the trial court that fixed the 1982 assessment.

The fact that an expert may use the market data (comparable sales) approach does not relieve the trial court of its responsibility to control the admission of valuation evidence. *Commonwealth v. 108.3 Acres of Land,* 431 Pa. 341, 246 A.2d 124 (1968). A review of the record shows that Judge SCHEIB, the trial judge, correctly perceived this. A sale of comparable property, *if not too remote in time,* has probative value and is admissible in evidence to determine the fair market value of the subject property. The effect to be given temporal remoteness is within the discretion of the Board. As the trial judge indicated in his opinion, which was substan-

tiated by the record, there was a substantial downturn in the use of industrial property in the area. This certainly is a factor to be considered. While generally such a change may go to the weight of the evidence rather than its admissibility, where the change has been extensive as it is here, there would *not* be an abuse of such discretion where the judge excludes the evidence in order to avoid confusion and distraction of the fact finder to collateral issues. *Brown et al. v. Redevelopment Authority, City of Harrisburg,* 35 Pa. Commonwealth Ct. 415, 386 A.2d 1052 (1978).

The Township contends that the owner failed to show any change of circumstances since the 1982 assessment was fixed, and that therefore the owner failed to overcome the presumption of validity of the assessment. This presumption of validity simply establishes a *prima facie* case. It shifts to the taxpayer the burden of coming forward with evidence. Once the property owner produces sufficient proof to overcome this initially allotted status, the *prima facie* significance of the Board's assessment figure has served its procedural purpose, and its value as an evidentiary device is ended. The taxpayer still carries the burden of persuading the court of the merits of his appeal. The taxing authority can rebut such evidence, and in such a case, the weight to be given to all the evidence is always for the court to determine. *Deitch Co. v. Board of Property Assessment,* 417 Pa. 213, 209 A.2d 397 (1965).

Of course, this determination must ultimately be made on the basis of relevant and competent evidence. In *Reick Ice Cream Co. Appeal,* 417 Pa. 249, 209 A.2d 383 (1965), our Supreme Court considered the relevancy of a former adjudication of the fair market value of the subject property, and its effect on the real estate assessor and the trial court. The court concluded that a real estate assessment for taxation purposes for one year is not *res judicata,* nor has it any probative value on the

issue of the property's fair market value for assessment purposes for a succeeding year or later year.

Furthermore, the record in the instant case shows clearly that there was evidence of a substantial change in the use and value of industrial properties in the area in the period between the 1982 assessment and the present assessment. For example, the steel manufacturing plant had not been used for that purpose in the past two years, there had been an extensive loss of employees, the main building had not been used, and there had been a downturn in the use of industrial property in the area, resulting in an overabundance of 18 million square feet of industrial space available.

Many factors are considered in arriving at fair market value. One of the most important factors is the use of the subject property—not only the present use of the property, but all of the uses including the highest and most profitable use to which the land is adoptable and available. The possible demand for such use affects the market value. *Whitcomb v. Philadelphia,* 264 Pa. 277, 107 A. 765 (1919); *Brown v. Forest Water Co.,* 213 Pa. 440, 62 A. 1078 (1906); *Olson v. U.S.,* 292 U.S. 246 (1934).

Since the proceeding in the trial court was *de novo,* the credibility and weight of all the evidence is for the fact finder, the trial judge. There was sufficient competent evidence to overcome the *prima facie* case of validity of the assessment.

The trial court was correct in fixing the fair market value of the property at $4,416,000. Accordingly, we affirm.

## ORDER

NOW, January 8, 1987, the order of the Court of Common Pleas of Allegheny County, No. G.D. 84-16931, dated April 30, 1985, is affirmed.