541 A.2d 40

In Re: Appeal of the City of Pittsburgh From the Action of the Board of Property Assessment, Appeals and Review of Allegheny County in Regard to Property Owned by Allegheny County Industrial Development Authority Situate in the First Ward of the City of Pittsburgh, Allegheny County, Pennsylvania. The City of Pittsburgh, Appellant.

In Re: Appeal of August C. Damian, Appellant, of Real Estate Tax Assessment of Property Owned by Allegheny County Industrial Development Authority and August C. Damian, Located in the City of Pittsburgh, Allegheny County, Pennsylvania. The City of Pittsburgh, Appellant.

Argued March 24, 1988, before Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Kellen McClendon,* Assistant City Solicitor, with him, *D. R. Pellegrini,* City Solicitor, for appellant.

*Leonard M. Mendelson,* for appellee.

OPINION BY SENIOR JUDGE BARBIERI, May 2, 1988:

The City of Pittsburgh (City) appeals here the orders of the Court of Common Pleas of Allegheny County in two real estate tax assessment cases involving the 1984 through 1987 assessments of a four-story office and commercial building owned by August C. Damian (Taxpayer). We affirm.

In 1984, the Allegheny County Board of Property Assessment, Appeals and Review (Board) assessed this

property located at 816-818 Fifth Avenue in the City of Pittsburgh at an overall fair market value of $464,000. Both parties appealed, and the case went to arbitration in the Court of Common Pleas, which decision was further appealed by both parties. These appeals are consolidated for review before us. At trial, the taxpayer presented an expert witness who testified that the overall fair market value of the property ranged from $400,000 in 1984 to $420,000 in 1986 and 1987. The City's expert testified as to values starting at $750,000 in 1984 and ending with $900,000 in 1987. The trial court expressly found the testimony of the taxpayer's expert more credible and fixed the assessment at the values testified to by taxpayer's expert.

The City, while recognizing that this Court's scope of review is limited to determining whether the trial court abused its discretion or committed an error of law, and that the trial court's findings must be given great force and will not be disturbed unless clear error appears, *Dana Corp. v. Wentz*, 95 Pa. Commonwealth Ct. 269, 505 A.2d 639 (1986), presents two arguments for our review. First, the City introduced into evidence a copy of a recorded deed and mortgage showing that taxpayer and the Allegheny County Industrial Development Authority (ACIDA) had purchased the property in 1982 for $495,000 and subsequently mortgaged the property for $860,000 to Pittsburgh National Bank as part of a redevelopment package sponsored by ACIDA. At the close of the trial, the trial judge struck these exhibits on taxpayer's motion that the City's expert had not based his opinion on the exhibits. The City contends that these exhibits may stand independently as probative evidence of value. Secondly, the City attacks the testimony of taxpayer's expert as not credible based on a multiplication error used in calculating the property's value under the income approach and because the ex-

pert also used the reproduction approach in arriving at his conclusion. We will deal with the City's independent evidence argument first.

The function of the trial judge in a tax assessment case is not to independently value the property himself but to weigh the conflicting testimony and values expressed by the competing experts and arrive at a valuation based on the credibility of their opinions. *Matter of Harrisburg Park Apartments, Inc.,* 88 Pa. Commonwealth Ct. 410, 489 A.2d 996 (1985). The trial judge is not an expert in valuing property and he is not free to substitute his own opinion for that of the experts based on independent evidence submitted by the parties. *Appeal of Avco Corp.,* 100 Pa. Commonwealth Ct. 616, 515 A.2d 335 (1986). Consequently, it is not error to strike "independent" evidence of value as irrelevant unless it is relied upon by the experts in stating their opinions as to value. The City's expert used the income and market data approaches in rendering his opinion. He did not use the 1982 sale of the property as a comparable or rely on it in rendering his opinion as to fair market value.

Turning to the City's second argument, the taxpayer's expert in rendering his opinion used all three methods of calculating fair market value: income, market data, and reproduction. The expert testified that the value of the property under the income approach was $378,000. But in calculating this sum the expert made a multiplication mistake which if corrected would nearly double this amount. We do not believe this alone is sufficient to justify reversal of the trial court's decision. The trial court could have simply thrown out the income approach and relied on the taxpayer's opinions stated under the market data and reproduction approaches. Opinion based on these approaches alone would constitute sufficient supporting evidence to sus-

tain the trial court's determination. *Appeal of Township of Ross,* 88 Pa. Commonwealth Ct. 618, 491 A.2d 929 (1985). The City's argument against the use of the reproduction approach has been effectively foreclosed by the 1982 amendment of Section 7(d) of the Assessment Code, Act of June 26, 1931, P.L. 1379, *as amended,* 72 P.S. §5348(d), which expressly permits use of the reproduction approach. *See Reichard-Coulston, Inc. v. Revenue Appeals Board Northampton County,* 102 Pa. Commonwealth Ct. 227, 517 A.2d 1372 (1986). The order of the trial court will be affirmed.

ORDER

Now, May 2, 1988, the orders of the Court of Common Pleas of Allegheny County at Nos. GD84-17823 and GD84-18583, both dated January 21, 1987, are hereby affirmed.