570 A.2d 619

**WALNUT–TWELVE ASSOCIATES, Appellant,**

**v.**

**BOARD OF REVISION OF TAXES OF the CITY OF PHILADELPHIA, et al., Appellees.**

Commonwealth Court of Pennsylvania.

Argued Dec. 15, 1989.

Decided Feb. 16, 1990.

Petition for Allowance of Appeal Denied July 17, 1990.

406

Craig E. Ziegler, Montgomery, McCracken, Walker & Rhoads, Philadelphia, for appellant.

T. Braden Kiser, Chief Asst. City Sol., for appellee.

Before BARRY, COLINS (P.), and SMITH, JJ.

COLINS, Judge.

Appellant, Walnut–Twelve Associates, appeals an order of the Philadelphia County Court of Common Pleas (trial court) which determined the assessment value for property tax purposes of a parking garage (the property) owned by appellant located at 1201–11 Walnut Street, Philadelphia, Pennsylvania. For the reasons hereinafter stated, we vacate and remand with directions.

Appellant's property consists of a 7½ story building with a maximum capacity of 560 cars. The first floor of this building consists of 14 retail spaces which are leased to commercial enterprises. For tax year 1985, the Board of Revision of Taxes of the City of Philadelphia (Board) assigned the property a market value of $9,300,000.00. To that assigned market value, the City applied an assessment ratio of 36.48% in order to calculate an assessment value of $3,392,500.00. Appellant's real estate tax liability for 1985 was then calculated by applying the tax rate of 7.47% to the assessed value.

Appellant appealed the Board's 1985 tax assessment and asserted that the property's market value, as determined by the City, was substantially greater than the property's actual market value. The Board denied appellant's appeal and refused to reduce the real estate tax assessment on the property. Appellant subsequently appealed the Board's decision to the trial court pursuant to Section 518.1(a) of The General County Assessment Law (Assessment Law), Act of May 22, 1933, P.L. 853, *as amended*, 72 P.S. § 5020–518.1(a).

At the trial of this matter held on May 12, 1987,[1] evidence was received from three sources as to the fair market

1. This matter was originally assigned to a Judge of the Philadelphia Court of Common Pleas, who conducted the evidentiary hearings. Following the May 12, 1987 hearing, however, this Judge recused himself and the matter was reassigned to another Judge. On January 30, 1989, a decision was rendered based upon the existing trial transcript and the written briefs.

values of the property for tax years 1985, 1986, and 1987.[2] Lance St. John, appellant's expert, Jerome Mallon, the Board's expert, as well as the Board's property record card detailed fair market values for the property as follows:

| Source | 1985 | 1986 | 1987 |
|--------|------|------|------|
| The Board | $9,300,000 | $9,300,000 | $9,573,500 |
| St. John | $6,300,000 | $7,240,000 | $8,215,000 |
| Mallon | $10,000,000 | $11,000,000 | $12,000,000 |

By order dated January 30, 1989, the trial court concluded that the Board's determinations of fair market values for the property for tax years 1985 through 1987 were neither unfair nor improper and upheld those valuations, as well as denying appellant's appeal. Accordingly, the trial court found the fair market value of the property, the correct ratio of assessed value to market value, and the assessed value to be as follows:

| Tax Year | Market Value | Ratio | Assessed Value |
|----------|--------------|-------|----------------|
| 1985 | $9,300,000 | 35% | $3,255,000 |
| 1986 | $9,300,000 | 35% | $3,255,000 |
| 1987 | $9,573,500 | 34% | $3,254,990 |

An opinion which followed the order found that: (1) the market approach to calculate the property's fair market value was the most accurate for this particular matter; (2) that St. John's testimony was not credible; and (3) because the Board's established predetermined ratios did not deviate by more than 15% from the common level ratio determined by the State Tax Equalization Board (STEB), the Board's predetermined ratios were the proper ratios to use in calculating the assessed values for the property. Appellant appeals that decision.

**2.** Since appellant appealed the City's tax assessment for 1985, the tax assessments on the property for all subsequent years were automatically deemed to be on appeal and before the Court as well. *Appeal of Gateway School District,* 124 Pa.Commonwealth Ct. 924, 556 A.2d 924 (1989); 72 P.S. § 5020–518.1(b).

██ Initially, we must note our utter confusion and confoundedness at how the trial court determined that the Board's predetermined ratio for 1985 was 35%. In the Board's answer to appellant's amended petition for appeal, the Board admits that for tax year 1985, the property was assessed at $3,392,500.00. A simple mathematical calculation, $3,392,500.00 divided by $9,300,000.00 (the property's market value), confirms that the Board, in fact, applied an assessment ratio of 36.478% to the property. These numbers are also confirmed by Exhibit "C", the assessment notice which was attached to the amended petition for appeal and admitted to as being correct by the Board in its answer. Furthermore, the assessed value of $3,392,500.00 (36.478% of market value) was used by the Board's own appraiser in Board Exhibit "3" which was admitted into evidence at the hearing before the trial court. The City Solicitor, by arguing 35%, was attempting to impeach his own evidence via oral argument which is prohibited in Pennsylvania. Accordingly, the trial court's denial of appellant's appeal based upon its finding that the Board's predetermined ratio for 1985 was 35% was an error.

The trial court was obviously misled by the ill-prepared pleadings and the City Solicitor's repeated contention that 35% was the Board's predetermined ratio for 1985. The following dialogue illustrates the confusion:

THE COURT: All right. Before I forget it, I want to ask you some questions which I'm sure you agree on. Before me are the assessments for '85, '86, and '87. Is that right?

MR. OXHOLM [City Solicitor]: Yes, sir.

THE COURT: What was the percentage of market value?

MR. OXHOLM: The ratio, Your Honor?

THE COURT: Well, I'm purposely not using the ratio because of his argument. What was applied to that?

MR. OXHOLM: 35.

THE COURT: In '85.

MR. OXHOLM: 35, 35, and 34.

THE COURT: 35, 35.

MR. OXHOLM: 34 in 1987.

THE COURT: Well, now I don't understand that, because your brief on Page 6 says it was 36.48 for '85.

MR. ZIEGLER [Appellant's Counsel]: And I got that information by taking the market value on the assessment notice we received and dividing it by the assessed value that was on the property tax notice we received and got 36.48.

.　　.　　.　　.　　.

MR. OXHOLM: [T]he numbers you should be applying are 35, 35, and 34 to the current years.

THE COURT: What I am pointing out is, he says it was 36.48 for 1985.

MR. ZIEGLER: I think, Toby, I think that's what is corrected based on the assessment notice we received. When you divide it out, that's what it comes out to. That's where I got it.

MR. OXHOLM: Don't look at me, Your Honor. The numbers were 35, 35, and 34.

.　　.　　.　　.　　.

THE COURT: Well, if he got it from the assessment notice—do you have the assessment notice?

MR. ZIEGLER: I don't think I have that with me, Your Honor, but—

THE COURT: Well, do you agree it is 35?

MR. ZIEGLER: No, I do not. I agree—my calculations indicate it was 36.48 in 1985.

THE COURT: Well, this is ridiculous that I should be asked to—what am I supposed to do, guess what it was? . . . .

As a result of the confusion over the assessment ratio, the trial court incorrectly applied 35% to the market value to arrive at the 1985 assessed value of the property. This finding is not supported by the evidence of record and, therefore, must be vacated as will be discussed herein.

Our scope of review in a tax assessment appeal is limited to determining whether the trial court abused its discretion, committed an error of law, or whether its decision is supported by substantial evidence. *Reichard–Coulston, Inc. v. Revenue Appeals Board Northampton County,* 102 Pa. Commonwealth Ct. 227, 517 A.2d 1372 (1986), *petition for allowance of appeal denied,* 517 Pa. 611, 536 A.2d 1335 (1987). When an appeal is taken from a Board decision, the trial court engages in a *de novo* review of all the evidence. *Ciaffoni v. Washington County Board for the Assessment of Appeals,* 112 Pa. Commonwealth Ct. 135, 535 A.2d 247 (1987). Pursuant to Section 518.2 of the Assessment Law, 72 P.S. § 5020–518.2, the trial court is required to make two determinations: (1) the fair market value of the property at issue; and (2) the correct assessment ratio to be applied to that market value in order to calculate an assessed value. *Harrisburg Park Apartments, Inc. Appeal,* 88 Pa. Commonwealth Ct. 410, 489 A.2d 996 (1985).

Appellant argues that the trial court erred in giving virtually conclusive effect to the City's original assessment card in determining the fair market values of the property, even though there was no evidence of record to support these values. It is asserted that the trial court mistakenly believed that the City's initial assignments of market value were presumptively correct and should be recognized as definitive by the trial court unless and until they were displaced by overwhelming evidence to the contrary.

In a tax assessment hearing, the Board establishes a prima facie case in support of its valuation simply by the introduction into evidence of the Board's official assessment record. *Deitch Co. v. Board of Property Assessment,* 417 Pa. 213, 209 A.2d 397 (1965). The valuation contained on the property record card is presumptively valid and the burden of producing evidence shifts to the objector. *Id.* If the taxpayer produces sufficient proof to challenge the Board's determination, then the property card loses the presumptive value previously afforded to it and can only be

evaluated by the Court in the same method that the Court would use to weigh any other evidence. *Appeal of U.S. Steel Corp.*, 436 Pa. 435, 260 A.2d 779 (1970). Thereafter, the taxpayer still carries the burden of persuading the Court that the Board's valuation was not founded upon a proper legal basis, that it was excessive, unjust, inequitable, or not uniform in comparison with similar real estate in the district. *John Wanamaker, Philadelphia, Appeal*, 360 Pa. 638, 63 A.2d 349 (1949).

In a tax assessment appeal, all matters of credibility and evidentiary weight are within the province of the trial court. *B.P. Oil Company, Inc. v. Delaware County Board of Assessment Appeals*, 114 Pa. Commonwealth Ct. 549, 539 A.2d 473 (1988). Such determinations are binding on this Court absent an error of law. *Lycoming County Appeal*, 100 Pa. Commonwealth Ct. 616, 515 A.2d 335 (1986).

In the present matter, the trial court acting in its capacity as arbiter of credibility found that St. John, appellant's expert, was not credible and, in its opinion, adequately detailed the reasons for this finding. Appellant, therefore, failed to overcome the prima facie validity of the market value given to the property in the City's assessment card and failed to overcome his burden of establishing that the Board's valuation was unjust, inequitable, or not founded upon a proper legal basis. Accordingly, it was within the trial court's power as fact finder to apply the Board's assignment of market value to the property. The fact that this figure was between those valuations offered by the expert witnesses does not constitute an error of law, nor an abuse of discretion. *City of Pittsburgh Appeal*, 92 Pa. Commonwealth Ct. 15, 498 A.2d 459 (1985), *petition for allowance of appeal denied*, 514 Pa. 636, 522 A.2d 1106 (1987).

Appellant argues, in the alternative, that, in the face of uncontradicted evidence as to the superiority of the income approach for valuating the property in question, the

trial court concluded that the market approach was the most reasonable and accurate method to be used. The market approach considers the sale of similar property of the same type and class sold recently at a given price to arrive at a fair market value. *Lycoming County Appeal.* The income approach examines the property's income and expense history to predict the property's ability to generate income for its owner.

Appellant argues that the trial court's use of the market approach is not supported by substantial evidence. Likewise, it is argued that the market approach is particularly inappropriate in the case at hand, due to the many factors which figure into the value of a parking facility. Appellant, therefore, requests this Court to reverse the trial court's unexplained reliance on the market approach and remand the case with instructions to re-determine the market value of the property.

In response, the Board argues that since the trial court's proceeding was *de novo,* the trial court was required to make an independent determination of the property's value. In so doing, the trial court was free to select and apply the market value approach in spite of conflicting evidence which suggested that another method was superior to the market approach.

In its opinion, the trial court noted its awareness of the various approaches which may be used to determine a property's fair market value. But upon consideration of the conflicting testimony presented by the experts on the advantages of the various approaches, the trial court concluded that the *market approach* was the fairest and most reasonable approach for determining the property's market value. This decision was completely within the trial court's discretion, since Section 402(a) of the Assessment Law, 72 P.S. § 5020–402(a), requires only that all three methods (cost, comparable sales and income) of valuation be *considered. CNG Coal Co. v. Greene County Board of Assessment and Revision of Taxes,* 121 Pa. Commonwealth Ct. 443, 551 A.2d 328 (1988).

The record contains substantial evidence to support the trial court's use of the market approach to determine the valuation of the property. Having found no error of law nor abuse of discretion, we affirm that decision. Moreover, as already noted, the final valuations were within the range of valuations supplied by the experts. We find that the valuations as determined by the trial court were the result of its careful consideration of all the evidence. We find nothing arbitrary about this decision, nor do we find anything to suggest that the trial court did not perform an independent review of this matter. *Reichard–Coulston.*

Finally, appellant argues that the trial court failed, as a matter of law, to apply the correct assessment ratios to the property's market value in order to calculate the assessed value for taxation purposes. We agree.

Section 518.2(b) of the Assessment Law, 72 P.S. § 5020–518.2(b), sets forth the procedure for determining the assessment ratio to be applied to the property's market value to arrive at the property's assessed value. Section 518.2(b) provides:

> The court, after determining the market value of the property pursuant to subsection (a)(1), shall then apply the established predetermined ratio to such value unless the corresponding common level ratio determined pursuant to subsection (a)(2) varies by more than fifteen per centum (15%) from the established predetermined ratio, in which case the court shall apply the respective common level ratio to the corresponding market value of the property.

72 P.S. § 5020–518.1(b).

The common level ratio is defined as the ratio of assessed value to current market value used generally in the county as last determined by the STEB. *Croasdale v. Dauphin County Board of Assessment Appeals,* 89 Pa. Commonwealth Ct. 409, 492 A.2d 793 (1985). The established predetermined ratio is defined as the ratio of assessed value to market value as established by the Board of County Com-

missioners and uniformly applied in determining the assessed value in any year. Section 102 of the Assessment Law, 72 P.S. § 5020–102.

The trial court found that at the time of trial, the STEB ratio had been the same, 29.8%, since 1983. Accordingly, the trial court applied 29.8% in making the calculations required by Section 518.2(b) of the Assessment Law. In so doing, the trial court found that the predetermined ratio did not vary by more than 15% from the STEB ratio and, therefore, applied the established predetermined ratio to the property's market value. The Board, citing *In re Appeal of Jostens, Inc.*, 97 Pa. Commonwealth Ct. 106, 508 A.2d 1319 (1986), maintains that it was within the trial court's discretion to make such a determination. We disagree.

In *Jostens*, we held that a trial court is bound by statute to use the most recent STEB figure available as of the time of the appeal.[3] We interpret *Jostens* and the phrase "at the time of appeal" to mean at the time a decision is *actually rendered.* To interpret this language otherwise would, we believe, result in inequity. The judiciary cannot act in a vacuum and at the same time properly and equitably dispense justice. Rather, it must continually stay abreast of updated information and the current state of the law in order to properly perform its function.

In the case at hand, the trial court did not render its decision until January 30, 1989, and was, therefore, *required* to apply the STEB ratios published for the years 1985, 1986, and 1987.[4] The trial court had no discretion as to whether to use the STEB ratios for 1985, 1986, and 1987, and its failure to do so constituted an error of law.

3. The State Tax Equalization Board is required by law to establish annually, prior to July 1, a common level ratio for the previous calendar year. Sections 7(9) and 16.1(a) of the Act of June 27, 1947, P.L. 1046, *as amended,* 72 P.S. §§ 4656.7(9) and 4656.16a(a). Section 7(9) was added by Section 2 of the Act of December 13, 1982, P.L. 1158. Section 16.1 was added by Section 3 of the same Act.

4. The 1985 STEB ratio is found at 16 Pa.B. 3263 (1986); the 1986 STEB ratio is found at 17 Pa.B. 5302–03 (1987); the 1987 STEB ratio is found at 18 Pa.B. 2962–63 (1988).

The STEB ratios which the trial court should have applied are as follows:

1985: 29.8%
1986: 27.8%
1987: 25.7%

Having the proper STEB ratios at hand, the trial court then should have compared them to the corresponding established predetermined ratios to determine whether the predetermined ratios varied by more than 15% from the STEB ratios.[5] The proper analysis should have been as follows:

| TAX YEAR | PREDET'D RATIO | 15% OF PREDET'D RATIO | ALLOWABLE VARIANCE RANGE | STEB |
|---|---|---|---|---|
| 1985 | 36.48% | 36.478 × .15 = 5.47 | 31.008% (36.478 − 5.47) to 41.948% (36.478% + 5.47) | 29.8% |
| 1986 | 35% | 35 × .15 = 5.25 | 29.75% (35% − 5.25) to 40.25% (35% + 5.25) | 27.8% |
| 1987 | 34% | 34 × .15 = 5.1 | 28.9% (34% − 5.1) to 39.1% (34% + 5.1) | 25.7% |

In each year, the STEB ratio failed to fall within the 15% variance range of the predetermined ratios. Consequently, the trial court was required to apply the STEB ratio to the market values to arrive at the assessed value of the property.

The proper calculation should have been as follows:

| TAX YEAR | MARKET VALUE | | RATIO | ASSESSED VALUE |
|---|---|---|---|---|
| 1985 | $9,300,000 | × | 29.8% | $2,771,400.00 |
| 1986 | $9,300,000 | × | 27.8% | $2,585,400.00 |
| 1987 | $9,573,500 | × | 25.7% | $2,460,389.50 |

Based upon the foregoing discussion and calculations, the order of the trial court is affirmed insofar as it relates to its assessment of market values for the property. It is vacated insofar as it relates to its determination of assessment

5. In *City of Wilkes–Barre Industrial Development Authority v. Board of Tax Assessment Appeals of the County of Luzerne,* 100 Pa. Commonwealth Ct. 486, 514 A.2d 1012 (1986), we held that "fifteen percent" as provided in Section 518.2(b) of the Assessment Law refers to a fifteen percent deviation and *not* a fifteen point deviation.

ratios for 1985, 1986 and 1987. In order to foster judicial economy, we see no reason to require the trial court to conduct additional evidentiary hearings and, therefore, we remand with directions that the trial court enter an order reflecting the correct values.

## ORDER

AND NOW, this 16th day of February, 1990, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is affirmed insofar as it relates to the determination of the market values of the property and vacated insofar as it relates to the assessment ratios applied to the market values and the resulting assessed valuations.

The matter is remanded to the Court of Common Pleas of Philadelphia County for the entry of an order calculating the assessment values of the property as follows:

| TAX YEAR | MARKET VALUE | RATIO | ASSESSED VALUE |
|---|---|---|---|
| 1985 | $9,300,000 | 29.8% | $2,771,400.00 |
| 1986 | $9,300,000 | 27.8% | $2,585,400.00 |
| 1987 | $9,573,500 | 25.7% | $2,460,389.50 |

Jurisdiction relinquished.