613 A.2d 178

**COUNTY OF MONROE and Monroe County Board of Assessment Appeals, Appellants,**

**v.**

**Robert G. BOLUS, Charles Bolus and Yoke–Lan Bolus, his wife, Appellees.**

Commonwealth Court of Pennsylvania.

Argued April 7, 1992.

Decided July 29, 1992.

460

Mark S. Love, for appellants.

James F. Marsh, for appellees.

Before COLINS and PALLADINO, JJ., and BARRY, Senior Judge.

PALLADINO, Judge.

County of Monroe and Monroe County Board of Assessment Appeals (Appellants) appeal the order of the Court of Common Pleas of Monroe County (trial court) which required the Monroe County Board of Assessment Appeals (Board) to apply a zero valuation for tax assessment purposes to a commercial tract of land owned by Robert G. Bolus, Charles Bolus, and Yoke–Lan Bolus (collectively, Landowners).

Landowners are the owners of a 7.64 acre tract of land (property) located along Route 611 in Stroud Township, Monroe County. The property is zoned commercial.

Subsequent to purchase of the property, and after Landowners had begun clearing the property of trees, the Army Corps of Engineers (Corps) informed Landowners that the entire front portion of the property, 4.0 acres, was delineated as wetlands. The Corps directed Landowners to cease and desist any further activity on the wetlands area.

Landowners then contacted an environmental consultant who recommended obtaining a wetlands crossing permit to access the developable, remaining 3.64 acres of non-wetlands area. Landowners submitted a joint permit application to the Corps and to the Department of Environmental Resources (DER).

While the permit application was still pending, Landowners' property was assessed by the County of Monroe for the tax year 1990, pursuant to a county-wide reassessment, at $88,750. Landowners appealed the assessment to the Board which, after a hearing, modified the assessment to $71,310. Landowners appealed the Board's decision to the trial court, claiming that the assessment was unreasonable because, among other things, 4.0 acres of the property were delineated as wetlands, and therefore totally unusable, and the remaining 3.64 acres of non-wetlands were also unusable because they were landlocked by the wetlands, and thus totally inaccessible.

On February 28, 1991 the trial court, after a hearing de novo, issued an order and opinion. The trial court rejected the testimony of Appellants' expert witness, who valued the entire property including both the non-wetlands and wetlands portions, at an aggregate assessed value of $71,310. The trial court, however, found credible the testimony of Landowners' expert witness, Thomas Schatzman, who testified as to the value of the property based on comparable sales. Schatzman valued both the wetlands and non-wetlands portions of the property at $1,000 per acre actual value,[1] and an assessed value of $250 per acre. Schatzman testified that if access to the rear 3.64 acres were obtained, the value of this rear portion would increase. However, the trial court determined that Landowners' property should be given a zero valuation for tax assessment purposes because, in the trial court's opinion, the property was economically useless.

During the pendency of the appeal to this court, the wetlands crossing permit was issued to Landowners. As a result, Appellants and Landowners stipulated that the matter should

1. Actual value means market value. 72 P.S. § 5453.602; *see also Traylor v. City of Allentown,* 378 Pa. 489, 106 A.2d 577 (1954).

be remanded to the trial court for additional testimony. This court approved the stipulation and remanded the case to the trial court on May 14, 1991.

Additional testimony was taken by the trial court on August 7, 1991. Appellants presented expert testimony establishing that a wetlands crossing permit had in fact been issued to Landowners. Landowners presented expert testimony establishing that replacement wetlands would have to be created in the non-wetlands area of Landowners' property to mitigate the filling in of .16 acres of the wetlands area of the property. Landowners also presented evidence that an application for a highway occupancy permit had been submitted to the Pennsylvania Department of Transportation (DOT), but was still pending. One of the Landowners, Charles Bolus, a physician, testified that he believed the property, even with the permit, had a value of zero.

On August 13, 1991, the trial court issued an opinion and order again valuing the property at zero for tax assessment purposes.

On appeal to this court, the issue raised by Appellants is whether the trial court erred in valuing Landowners' property at zero for tax assessment purposes. Our scope of review when the trial court has, as here, heard the case de novo is limited to a determination of whether the trial court abused its discretion, committed an error of law, or rendered a decision unsupported by substantial evidence. *Walnut–Twelve Associates v. Board of Revision of Taxes of City of Philadelphia*, 131 Pa.Commonwealth Ct. 404, 570 A.2d 619, *petition for allowance of appeal denied*, 525 Pa. 652, 581 A.2d 577 (1990). Determinations of weight and credibility of evidence by the trial court are binding on this court absent an error of law. *Id.*

In tax assessment cases, it is the duty of the trial court to: 1) determine the property's current market value on the basis of the competent, credible, and relevant evidence presented by the parties, 2) determine the current ratio of assessed to market value in the county, and 3) direct the

application of that ratio to the fair market value found by the court. Section 704 of the Fourth to Eighth Class County Assessment Law, Act of May 21, 1943, P.L. 571, *as amended,* 72 P.S. § 5453.704; *Deitch Co. v. Board of Property Assessment,* 417 Pa. 213, 209 A.2d 397 (1965). The function of the trial judge in a tax assessment case is not to independently value the property himself, but to weigh the conflicting testimony and values expressed by the competing experts and arrive at a valuation based on the credibility of their opinions. *Appeal of the City of Pittsburgh,* 115 Pa.Commonwealth Ct. 527, 541 A.2d 40, *petition for allowance of appeal denied,* 521 Pa. 623, 557 A.2d 726. The finding of value by the trial court must be supported by competent evidence. *Appeal of Avco Corp.,* 100 Pa.Commonwealth Ct. 616, 515 A.2d 335 (1986).

In the present case, Appellants argue that the trial court's determination of zero value was not based on substantial evidence because both Appellants' and Landowners' respective expert witnesses testified that both the non-wetlands and wetlands portions of the property had value for tax assessment purposes. The only evidence of record that the property had no value was the testimony of landowner, Dr. Bolus. Dr. Bolus testified as follows:

Q [Attorney]: Okay. Do you have any plans to improve the property or put a commercial project on the property at this time?

A [Dr. Bolus]: At the moment we certainly do have plans and, unfortunately, we're being held at bay by the regulatory systems.

. . . .

Q: So your intention is to procure the necessary governmental permits so this property can be resold as valuable commercial property?

A: That is correct.

Q: And in that regard you have a wetland crossing permit issued by the state and you authorized the last individual to procure the necessary highway occupancy and utility crossing permit?

A: That is correct.

Q: Now, in view of all that, do you have an opinion as to the present value of this tract of land?

A: Zero.

Q: And why is that, sir?

A: I can't utilize it.... I cannot do anything with that land at the moment and it's a liability....

Testimony of Dr. Bolus at August 7, 1991 Hearing.

We must therefore decide whether Dr. Bolus' testimony constitutes competent evidence upon which the trial court could base its determination that the property had a zero value.

*Sgarlat Estate v. Commonwealth,* 398 Pa. 406, 158 A.2d 541, *cert. denied,* 364 U.S. 817, 81 S.Ct. 49, 5 L.Ed.2d 48 (1960) is dispositive. In *Sgarlat* the Supreme Court held that the landowner's testimony as to the value of his own property was not competent where the landowner contended that his property had no value based on his own notion as to what the land was worth to him in earnings capacity, and not based on market value. The Supreme Court stated in *Sgarlat:*

Appellant [landowner] is in the position of the witness whose testimony was held incompetent in *White v. Pennsylvania R. Co.,* 1911, 229 Pa. 480, 78 A. 1035, 1037, 38 L.R.A., N.S., 1040, where we said:

"Not only did he repeatedly admit in his preliminary examination that he had no familiarity with the market value of the land in the neighborhood, but when testifying in chief he as repeatedly said that the estimate he gave was not a market value, but a value based on what *he thought the farm would produce.* When asked how he arrived at the market value, his reply was that he did not believe it right to consider market value; that *he had his own notion as to what the land was worth,* and was not governed by outside sales; that *he estimated it from its earnings capacity,* and that he could not confine himself in his estimate to market value...."

*Id.* at 414, 158 A.2d at 545 (emphasis added).

Similarly, in the present case, Dr. Bolus' testimony that his property had zero value was based on a purely subjective

standard, i.e. he could not presently use his property in a manner suitable to him.

A determination of value is not based on a landowner's subjective determination that his property is worthless because he cannot presently use the property in a manner suitable to him, but rather on objective standards such as highest and best use, and comparable sales. Pennsylvania case law has consistently held that actual market value is that price which a purchaser, willing but not obligated to buy, would pay an owner willing but not obligated to sell, taking into consideration not only the present use of the property, but all of the uses including the highest and most profitable use to which the land is adaptable and available. *Pittsburgh Des Moines Steel Co. v. Board of Property Assessment, Appeals and Review of Allegheny County,* 103 Pa.Commonwealth Ct. 61, 519 A.2d 1080 (1987); *County of Monroe v. Pinecrest Development Corp.,* 98 Pa.Commonwealth Ct. 200, 510 A.2d 1274 (1986). The possible demand for such use affects the market value. *Pittsburgh Des Moines Steel Co.* Using the objective standard of comparable sales, Landowners' own expert witness, whom the trial court found credible, testified, contrary to Dr. Bolus, that the property had an actual value of $1,000 per acre and an assessed value of $250 per acre without permits.

Because the standard used to determine value is not based on what the property is worth to the landowner, himself, but what the property is worth objectively on the market,[2] Dr. Bolus' testimony as to zero valuation was not competent. Therefore, to the extent that the trial court may have relied on Dr. Bolus' testimony in determining that the property had zero value, the trial court was in error.

The trial court's August 13, 1991 opinion suggests, however, that the trial court did not base its determination of zero value on the testimony of Dr. Bolus, but rather on the testimony that was presented before the trial court on October 16, 1989

**2.** For example, the three accepted approaches to valuation in the General County Assessment Law are cost, comparable sales, and income. 72 P.S. § 5453.602(a).

and November 3, 1989.[3]   The trial court's August 13 opinion states:

> although the additional matter presented [at the August 7, 1991 remand hearing] is germane to this action, it currently does not change our Opinion and Order dated February 28, 1991.

August 13, 1991 Trial Court Op. at 3.

At the October 16 and November 3 hearings, the only evidence that was presented as to value was the testimony of Appellants' and Landowners' expert witnesses.   Dr. Bolus did not testify at either of these two hearings.   As stated previously, the trial court rejected Appellants' expert witness, but found credible Landowners' witness, who found that the property, even without permits, had value for tax assessment purposes.   There was no evidence presented by either party at the October 16 and November 3 hearings that the property had no value.   Therefore, the trial court's determination that the property had a zero value for tax assessment purposes was not based on substantial evidence of record.

Accordingly, we vacate and remand for a determination of value based on the competent evidence of record.

## ORDER

AND NOW, July 29, 1992, the order of the Court of Common Pleas of Monroe County in the above-captioned matter is vacated and the case is remanded for a determination of value of Landowner's property based on the competent evidence of record, without the taking of additional evidence.

Jurisdiction relinquished.

3.  Dr. Bolus testified at the August 7, 1991 remand hearing before the trial court.  At the August 7, 1991 hearing, as explained above, the trial court received additional testimony because the wetlands crossing permit had been issued to Landowners.