Neal Boyer, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Submitted on briefs November 20, 1980, before Judges WILKINSON, JR., MACPHAIL and WILLIAMS, JR., sitting as a panel of three.

*Lee J. Calarie, Calarie and Calarie,* for appellant.

*J. D. Heim, McCue, Bertocchi and Heim,* for appellee.

Opinion by Judge Williams, Jr., March 19, 1981:
Appellant Neal Boyer seeks reversal of an order of the Court of Common Pleas of Armstrong County adjudging him guilty of a summary criminal offense: failure to file an income tax return required under a borough earned income tax ordinance. The lower court heard the matter on a trial *de novo,* after Boyer appealed to that court from his conviction by a district justice.

In 1978 appellant Boyer was served with a private criminal complaint, issued on charges by the tax collector of the Borough of Rural Valley (Borough) that Boyer had not paid income taxes or reported his income for the year 1977 as required by the Borough's Earned Income Tax ordinance of 1976. The ordinance imposed a 1% tax on all compensation paid after January 1, 1977, to residents, and taxed in like manner all compensation paid to non-residents for work done or services rendered in the Borough. The ordinance also imposed a 1% tax on the net profits earned after January 1, 1977, by businesses, professions and other activities conducted by residents or conducted within the Borough by non-residents.

The Borough's income tax ordinance was enacted pursuant to powers conferred upon political subdivi-

sions by The Local Tax Enabling Act (Act).[1] Section 13 IX(a)[2] of the Act provides in pertinent part as follows:

> Any person who fails, neglects, or refuses to make any declaration or return required by the ordinance ... shall, upon conviction thereof before any justice of the peace [district justice] ... be sentenced to pay a fine of not more than five hundred dollars ($500) for each offense, and costs, and, in default of payment of said fine and costs to be imprisoned for a period not exceeding thirty days.

The introductory clause of Section 13 of the Act declares that the entire Section shall be included in or construed to be a part of any earned income tax levied by any political subdivision pursuant to the Act.

Before this Court, the appellant first challenges the sufficiency of the evidence to prove him guilty beyond a reasonable doubt. More specifically, he asserts that the evidence adduced by the prosecution below was insufficient to show that he resided in the Borough or that he conducted a business there as to be subject to the Borough's income tax ordinance. The appellant also argues that the Borough ordinance and The Local Tax Enabling Act violate the uniformity clause of the Pennsylvania Constitution and the equal protection clause of the United States Constitution.

It was the position of the Borough tax officials, and of the Commonwealth at trial, that Boyer was subject to the ordinance both as a resident of the Borough and as the owner or operator of "Boyer's Potato Chip Factory," also located within the municipality's limits.

---

[1] Act of December 31, 1965, P.L. 1257, *as amended*, 53 P.S. §6901 *et seq.*

[2] 53 P.S. §6913 IX(a).

The Commonwealth's evidence was as follows: The Borough tax collector testified that *to the best of her knowledge* Boyer was a resident of the Borough. Her basis for that conclusion, as revealed by cross-examination, was that she "occasionally" saw him around a house on the same lot as the potato chip factory. This witness stated that she never saw him at or in the factory. Further, according to this witness, the property on which the factory and house are located was never assessed in the name of Neal Boyer, but in the name of his father.

The Commonwealth's other witness was an insurance agent who had resided in the Borough since 1940. After testifying that he had known Boyer for many years, this witness categorically stated that Boyer resided in the Borough limits. When cross-examined as to the basis for his statement of the appellant's residence, this witness added that his business as an insurance agent took him "all around" the house near the factory and that he had seen Neal Boyer at the house many times. The witness added that he had observed, in the past, Boyer managing the potato chip factory. According to the insurance agent, Neal Boyer for between twenty and thirty years had held himself out to the community as the manager of Boyer Potato Chips.

We are constrained to say that the Commonwealth could have put on a stronger case to establish the residence of the appellant or his relationship with the potato chip business. However, we conclude that the evidence was sufficient to prove the appellant's residence in the Borough. Even if we consider the testimony as to his residence as mere opinion, there was never any motion to strike it from the record as being incompetent or as being unsupported by adequate personal knowledge. It is well settled that even incompetent evidence admitted without objection is to

be given its natural and probative effect. *Commonwealth v. Farquharson*, 467 Pa. 50, 354 A.2d 545 (1976); *Commonwealth v. Back*, 255 Pa. Superior Ct. 603, 389 A.2d 141 (1978); *Commonwealth v. Walker*, 178 Pa. Superior Ct. 522, 116 A.2d 230 (1955). Therefore, even if the testimony as to Boyer's residence was mere opinion, the weight and credibility of that testimony was for the trial judge sitting as fact-finder. It was within the trial judge's province to give weight to the opinions and base a verdict on them.

As for the appellant's constitutional challenges, we reject them on the basis of *Commonwealth v. Life Assurance Company of Pennsylvania*, 419 Pa. 370, 214 A.2d 209 (1965) and *Donnelly v. Media Borough*, 23 Pa. Commonwealth Ct. 115, 351 A.2d 299 (1976).

For the reasons set forth, we affirm the order of the lower court.

### ORDER

AND Now, the 19th day of March, 1981, the order of the Court of Common Pleas dated November 23, 1979, at No. 1978-0018-Summary, is affirmed.