## Commonwealth ex rel. Wheatfield Township v. Browder

C.P. of Perry County, no. 94 of 1998.

*Dennis Boyle,* for Commonwealth.
*Luann Browder,* pro se.
*Harry Browder,* pro se.

REHKAMP, *J.,* September 28, 1998—There are two things in life that are for certain, death and taxes. These immortal words of Ben Franklin ring as true today as they did when they were first uttered back in the late 1700s. This case involves a couple trying to get around one of the two inevitabilities of life. Apparently, they did not file a local income tax return in Wheatfield Township. A complaint was filed against them and they were both found guilty by the district justice. They appealed de novo to this court and likewise were found guilty. The Browders raised four issues: first, that they were not required to pay the earned income tax; second, that they have a right to trial by jury; third, that the institution of the charges was wrong in that the case should have been a civil proceeding brought by the township rather than a criminal action brought by the Commonwealth; and fourth, that the Browders' constitutional rights were violated. Each issue will be addressed in turn.

First, the Browders argue that they were not required to file an earned income return and therefore are not guilty of failing to file an earned income tax return. According to the Local Enabling Act, 53 P.S. §6901 et seq., a taxpayer is defined as follows: A person, whether an individual, partnership, association or other entity, required hereunder to file a return of earnings or net profits, or to pay tax thereon. Earnings are defined as salaries, wages, commissions, bonuses, incentive payments, fees, tips that

may accrue or be received by an individual for services rendered, whether directly or through an agent, and whether in cash or property. 53 P.S. §6913(i). In our case, the defendants lived in the taxing district and made money. They then decided not to file a tax return. This is in violation of the law. As such, we found them guilty of this offense.

The Browders next argue that they have a right to a trial by jury in this case. While it is true that the Constitution of the United States and the Pennsylvania Constitution provide for jury trials, they do not provide for jury trials in summary offenses. If this were the case, the courts would be swamped with a myriad of jury trials for people simply getting $7 parking tickets. If an individual is allowed a right to a trial by jury for a summary case, the state would have to hire hundreds of more judges and more law clerks. Consequently, defendants' argument is frivolous and is dismissed.

Third, the defendants argue that the institution of charges was improper. The defendants believe that the township should have brought a civil action instead of a criminal action against them. However, this is not the case. The township may very well bring a criminal action for willful failure to file a tax return such as the case here. The defendants state that a criminal complaint filed by a private citizen was not filed with the proper issuing authority. Proper issuing authority means district justice. See Pa.R.Crim.P. 3. The complaint was filed with the district justice and the defendants were found guilty at the district justice proceeding and then appealed to the court of common pleas. Defendants also allege that the court of common pleas doesn't have jurisdiction because Ms. Miller's private complaint was not approved according to Pa.R.Crim.P. 106. Said rule does not apply to this

case, as this is a prosecution under 53 P.S. §6913, which authorizes the complainant to file a criminal complaint against the defendants for failure to file an earned income tax return for Wheatfield Township without obtaining any permission from the district attorney just as a police officer can file a summary offense against an individual for a traffic violation. In this case, Luanne Miller is an employee of the agency authorized by the township to collect taxes. This court adopts the reasoning set forth in the trial memorandum filed by counsel for Capital Area Tax Collection Bureau in support of this argument.

Finally, defendants argue that their right to self-incrimination was violated under the Fifth Amendment and that permits them not to file an earned income tax return. It is well settled in the law that you cannot use self-incrimination as a defense for failing to file an informational tax return. See *U.S. v. Shineck,* 445 F. Supp. 884 (M.D. Pa. 1978). This court likewise finds that the defendants' other constitutional arguments against self-incrimination are equally unfounded and without merit.

The trial memorandum submitted by counsel for Capital Area Tax Collection Bureau, the agent employed by Wheatfield Township to collect tax, is hereby fully incorporated herein by reference thereto and a copy is submitted with this final memorandum as support for this court's decision in this case.

---

## TRIAL MEMORANDUM

### I. *Facts and History of the Case*

On or about November 4, 1997, a complaint was filed against the defendant pursuant to 53 P.S. §6913 and the Wheatfield Township Earned Income Tax Resolution of

Wheatfield Township, for failure, neglect or refusal to file earned income tax returns. The complaint alleged that the defendant failed to file a return for the tax year 1995 by April 15, 1996, as required by section 4(A) of the E.I.T. Resolution of Wheatfield Township, enacted pursuant to the authority granted to the district by the Commonwealth in the Local Tax Enabling Act, 53 P.S. §6901 et seq. At a hearing held on March 4, 1998, the defendant was found guilty of the sole charge of the complaint, and ordered to pay fines and costs in the amount of $100.

A timely appeal followed.

## II. *Legal Issues*

This trial memorandum is being presented to the court to assist it in deciding the legal obligations which give rise to a duty to file an income tax return and to address the substantive legal issues raised by the defendant in her voluminous pretrial filings.

## A. Duty To File

Since January 1, 1966, Wheatfield Township has levied taxes at a rate of 1 percent on earned income and net profits received by its residents. The resolution which contained the relevant provisions regarding the earned income tax, the E.I.T. Resolution, substantially follows the provisions of the Local Tax Enabling Act, 53 P.S. §6901 et seq. The resolution defines a taxpayer as follows:

"A person, whether an individual, partnership, association or any other entity, required hereunder to file a return of earnings or net profits, or to pay tax thereon." E.I.T. Resolution §I; 53 P.S. §6913(i).

Earnings are defined as:

"Salaries, wages, commissions, bonuses, incentive payments, fees, tips that may accrue or be received by an individual for services rendered, whether directly or through an agent, and whether in cash or in property; not including, . . . any wages or compensation paid by the United States to any person for active service in the Army, Navy, or Air Force . . . ." *Id.*

Furthermore, the resolution requires the filing of annual returns on or before April 15 of the year following the taxable year.

Finally, the ordinance provides that:

"Any person who fails, neglects, or refuses to make any declaration or return required by this ordinance, . . . shall upon conviction thereof . . . be sentenced to pay a fine of not more than $300 for each offense and costs, and in default of payment of said fine and costs, to be imprisoned for a period not exceeding 90 days." E.I.T. Resolution §10; 53 P.S. §6913(IX)(A).

The defendant apparently does not contest the fact that she resides in the taxing district. Also, in documents filed with this court, she admits that she has not filed returns. In order to be convicted, the Commonwealth need only prove that the defendant was a resident of the taxing district, and that she failed to file a return. E.I.T. Resolution §10; 53 P.S. §6913(IX); *Boyer v. Commonwealth,* 58 Pa. Commw. 34, 426 A.2d 1302 (1981). The Commonwealth need not prove that the defendant actually had income. *Commonwealth v. Case,* 8 D.&C.3d 611 (1978).

## B. The Right to Trial by Jury

In documents filed with this court, the defendant apparently objects to the summary trial in this case before a judge alone, and requests a trial by jury. Neither the

Rules of Criminal Procedure, the United State Constitution nor the Pennsylvania Constitution grant the defendant a right to trial by jury. See Pa.R.Crim.P. 83 and 86; *Codispoti v. Pennsylvania,* 418 U.S. 506 (1974) (interpreting the U.S. Constitution); *Commonwealth v. Mayberry,* 459 Pa. 91, 327 A.2d 86 (1974) (interpreting the Pennsylvania and U.S. constitutions). In fact, the very argument made by this defendant to a charge brought under the instant statute, has already been made to and rejected by the Commonwealth Court. *Peeples v. Commonwealth,* 101 Pa. Commw. 23, 515 A.2d 625 (1986). As the Commonwealth Court noted in *Peeples,* the defendant's argument is completely frivolous. *Id.* at 31-32, 515 A.2d at 628-29.

## C. Institution of Charges

The defendant also maintains that the current proceeding before this court should have been a civil action brought by the township, rather than a criminal action wherein Luann Miller served the affiant. In making these assertions, the defendant apparently misunderstands the nature of this action and the clear meaning of 53 P.S. §6913. Both the E.I.T. Resolution and 53 P.S. §6913 authorize the summary prosecution of individuals who do not file income tax returns. The plain reading of the statute indicates that a criminal complaint alleging a summary violation of the resolution may be undertaken by the Commonwealth. *Id.;* see also, *Boyer v. Commonwealth,* 58 Pa. Commw. 34, 426 A.2d 1302; *Peeples v. Commonwealth,* 101 Pa. Commw. 23, 515 A.2d 625; *Commonwealth v. Case,* 8 D.&C.3d 611. In this particular case, the taxing district has elected to avail itself of the summary procedures authorized by the statute and

the resolution. Of course, the E.I.T. Resolution also authorizes civil suits for collection of taxes, and the taxing district is not waiving its right to pursue civil remedies as well. A summary proceeding, however, was instituted and is the current action before this court.

The defendant also challenges the right of Luann Miller to serve as an affiant on the criminal complaint filed. Pa.R.Crim.P. 65, however, indicates that a summary case may be initiated by complaint "[w]hen the affiant is not a law enforcement officer." *Id.* Ms. Miller is not a law enforcement officer and, therefore, properly instituted this action by complaint. Further, when a summary charge alleges a violation of a local ordinance as in this case, an attorney representing the municipality, with the consent of the Commonwealth, may appear and assume charge of the prosecution. Pa.R.Crim.P. 83(C). That is precisely what has happened in this case. Again, the defendant's argument is completely without merit.

The defendant also apparently challenges the sufficiency of the allegations contained in the complaint, and suggests that the complaint does not sufficiently identify the law which was violated. Such an argument is completely specious. The complaint, in fact, references both the local resolution, the Wheatfield Township Earned Income Tax Resolution, which was violated, and the state enabling legislation which authorizes enactment of the resolution. In addition, in various documents the defendant has filed with this court, she evidences a complete understanding of the resolution that was violated. Further, the language in the complaint clearly gives the defendant notice of the specific conduct which violated the statute.

## D. Duty To File a Tax Return; Constitutional Protection

Finally, the defendant appears to suggest that her rights under the federal and Pennsylvania constitutions, specifically the right against self-incrimination, permit her to not file an earned income tax return.[1] The state and federal courts which had addressed this issue have uniformly held that a defendant may not employ constitutional privileges against self-incrimination as a defense in a proceeding for failure to file an informational tax return. *United States v. Sullivan,* 294 U.S. 259 (1927); *United States v. Edelson,* 604 F.2d 232 (3d Cir. 1979); *United States v. Shineck,* 445 F. Supp. 884 (M.D. Pa. 1978); *Philadelphia v. Cline,* 158 Pa. Super. 179, 44 A.2d 610 (1945). This allegation of error, like the others raised by the defendant, is completely without merit.

Wherefore, the Commonwealth respectfully requests this honorable court return a verdict of guilty after hearing the evidence presented in this case.

Dennis E. Boyle, Esquire
Nauman, Smith, Shissler & Hall
Counsel for: Capital Area Tax Collection Bureau
May 27, 1998

---

1. The defendant has raised a myriad of other issues which do not merit discussion. Among others, she objects to a trial de novo and to the jurisdiction of this court. Since such assertions fail to raise intelligible issues of law or fact, it is not possible to reasonably respond to them. Appeals from summary convictions before district justices clearly have to be brought in the court of common pleas. See Pa.R.Crim.P. 86(f). It would seem, however, that the appellant's position is that she is not bound by the same laws which the rest of us must follow in order to be part of a civilized society and therefore is not bound by court decisions.

## CERTIFICATE OF SERVICE

I hereby certify that on the date written below, a true and correct copy of the foregoing trial memorandum was served by United States first-class mail, postage pre-paid, upon those person(s) listed below:

Luann Browder
P.O. Box 87
New Buffalo, PA 17069
Dennis E. Boyle, Esquire
Nauman, Smith, Shissler & Hall
May 27, 1998